LYDIA J. McCLURE, *Appellant, v.* AMERICAN NATIONAL BANK OF PENSACOLA, A CORPORATION, *Appellee.*

Opinion Filed January 27, 1914.

Rehearing Denied March 3, 1914.

1. As a general rule, the endorsement of a note which is secured by a mortgage carries with it such mortgage. The note is the principal thing, the mortgage being regarded as an accessory, so that the transfer of the debt *ipso facto* carries with it the security. The assignee takes the mortgage as he does the note.

2. The certificate of a notary public, or other officer empowered to take acknowledgements, of the acknowledgment to a deed or mortgage, in the absence of fraud or duress, is conclusive as to the facts therein stated. The assignee of a note and mortgage which are fair and regular upon their face in all respects who has acquired the same for value before maturity in good faith, without any notice or knowledge of any latent defects therein or of any fraud which may have been practiced in connection with the execution or acknowledgment, cannot be required to bear the consequences of such fraud.

Appealed from Court of Record for Escambia County; Kirke Monroe, Judge.

Decree affirmed.

*R. P. Reese* and *Sullivan & Sullivan,* for Appellant;

*Reeves & Watson & Pasco,* for Appellee.

SHACKLEFORD, C. J.—The appellee filed its bill in chancery against C. N. McClure and Lydia J. McClure, his wife, for the enforcement of a mortgage lien upon certain described lands, in which it was alleged that the mortgage was executed by the defendants, on the 8th day of April, 1910, to secure the payment of a promissory note executed by C. N. McClure, on the same day, to H. P. Ferris, for $700.00, payable twelve months after date, bearing interest at the rate of eight per cent. per annum from date until paid, the interest being payable quarter-annually, and "that thereafter, and prior to its maturity, for valuable consideration, the said H. P. Ferris endorsed the same over to this complainant," who is the appellee here. C. N. McClure was served by publication and a decree *pro confesso* duly entered against him for failure to plead, answer or demur to the bill. Personal service was obtained upon Lydia J. McClure, who filed an answer to the bill, to which the complainant filed the general replication, and the cause was referred to a special master to take the testimony of the respective parties. Upon the final hearing, a decree was rendered in favor of the complainant, in accordance with the prayer of the bill, against the two defendants. From this decree Lydia J. McClure has entered her appeal and has assigned five errors, all of which question the correctness of the decree and will be treated together. We do

3—Vol. 67.

not deem it necessary to copy the bill, which is in the usual form in such cases, the answer or the amended answer of the appellee. It is sufficient to say that the appellant in her answer neither admitted nor denied the execution of the promissory note by her husband and co-defendant, C. N. McClure, or the assignment thereof before maturity to the complainant, as is alleged in the bill, but contented herself with demanding strict proof thereof. She avers that the land described in the mortgage was at the time of the alleged execution thereof and had been for a long time prior thereto her separate statutory property and denies that she ever consciously executed or acknowledged or intended to execute or acknowldge the mortgage in question, but avers that her signature thereto was obtained by her husband through certain fraudulent means, which she proceeds to set forth in detail. Conceding that the proofs establish the facts that fraud and deception were practiced upon the appellant by her husband in order to induce her to affix her signature to the mortgage, that neither one of the subscribing witnesses whose names appear thereon was present at the time she signed the same and that she never appeared personally before the notary public, whose certificate is appended to the mortgage and acknowledged the execution thereof, but that such acknowledgment was taken by such officer over the telephone, we fail to see wherein such proofs will avail the appellant. We might even go further and concede that none of the proceeds derived from the negotiation of the note and mortgage was expended upon and for the improvement of the appellant's land, though we are of the opinion that the proofs show otherwise, but we fail to see how this would avail the appellant. We fully approve of the principle enunciated in Cobb v. Bear, 57

Fla. 370, 49 South. Rep. 29, but that suit was between the mortgagee and the mortgagors, as a reference to the opinion clearly shows, while the instant suit is brought by the assignee of the mortgagee. Without setting out the details thereof, we think that the evidence adduced establishes the allegation of the bill that the note was assigned to the complainant, the appellee here, by the payee therein for value before maturity: As we held in Taylor v. American National Bank of Pensacola, Florida, 63 Fla. 631, 57 South. Rep. 678, "As a general rule, the endorsement of a note which is secured by a mortgage carries with it such mortgage. The note is the principal thing, the mortgage being regarded as an accessory, so that the transfer of the debt *ipso facto* carries with it the security." See also Scott v. Taylor, 63 Fla. 612, 58 South. Rep. 30. Under the principle laid down in these two cases, there can be no question that the promissory note was negotiable under the statute, known as "the Negotiable Instruments Law." We shall not repeat what we said in these cases, but would refer to Carpenter v. Longan, which we cited with approval in Taylor v. American National Bank, *supra*. The assignee takes the mortgage as he does the note. We would also refer to Shear v. Robinson, 18 Fla. 379, wherein the following excerpt from the opinion rendered in Heeter v. Glasgow, 79 Pa. St. 79, is quoted with approval: "The true rule deducible from the authorities is, that the certificate of the Justice of the acknowledgment of a deed or mortgage is a judicial act, and in the absence of fraud or duress, conclusive as to the facts therein stated. A purchaser, *bona fide,* and without notice of fraud, is protected against it; but as to all other persons parol evidence has been admitted to show fraud or duress connected with the

acknowledgment." Other cases in point will also be found cited in Shear v. Robinson, *supra.*

What we have said is sufficient for a proper disposition of the case. However strongly we may sympathize with the appellant as the victim of her husband's fraud, we are powerless to aid her. The note and mortgage being fair and regular upon their face in all respects and having been acquired by the appellee for value before maturity in good faith, without any notice or knowledge of any latent defects therein or of any fraud which may have been practiced upon the appellant by her husband, the appellee cannot be required to bear the consequences of such fraud. The decree must be affirmed.

TAYLOR, COCKRELL, HOCKER, AND WHITFIELD, J. J., concur.