F. L. ANDERSON AND JENNIE E. ANDERSON, his wife, *Appellants,* v. HARRY A. HARDESTY, *Appellee.*

En Banc.

Opinion filed June 9, 1930.

1348

*W. O. Anderson* and *G. P. Garrett,* for Appellants;

*Dickinson & Dickinson,* for Appellees.

MATTHEWS, Commissioner:

Suit was brought to foreclose a mortgage upon real estate and personal property. Bill filed by complainant, mortgagee, is in the usual form with copy of notes and copy of the mortgage .attached.

The answer, to which general replication was filed by complainant, sets up that defendants are without knowledge of the averments of the bill. Some testimony appears to have been taken by deposition which seems never to have been offered or received in evidence and some testimony was taken before a master, who was not authorized or directed to make findings of law or fact.

Defendants appeal from final decree of foreclosure as amended, and assign several errors, among which are insufficiency of the evidence to support the decree and failure to file the original notes and mortgage in evidence.

Motion is made to quash this appeal upon the ground that it is frivolous and was taken against good faith and for the purpose of delay.

"Under Sections 2920 and 3173, Rev. Gen. Stats., of 1920, (Sections 4639 and 4965, Comp. Gen. Laws of Florida, 1927) the Supreme Court is authorized and required to entertain and decide motions to quash proceedings in error or by appeal, based upon the ground that such proceedings are taken merely for delay, notwithstanding the case has not been reached for final hearing upon regular call of the docket.

"It is not the purpose of Sections 2920 and 3173, Rev. Gen. Stats. of 1920, (Sections 4639 and 4965, Comp. Gen. Laws of Florida, 1927) to require the court upon motions to quash, based upon the ground that the proceedings are taken merely for delay, to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash such proceedings where the assignments of error are so plainly without merit as to lead to the conclusion that the proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact, raised by the assignment of error, the Court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket.

"Where it does not appear from such an examination of the transcript of the record as is required to be given on a motion made under the statute to quash the appeal, that the assignments of error are palpably without merit, or that the appeal was taken against good faith or merely for delay, the motion to quash

the appeal should be denied." Willey v. Hoggson, 89 Fla. 446, 105 So. R. 126.

The motion to quash the appeal is denied.

PER CURIAM.—This cause coming on to be heard upon motion of counsel for appellee to quash the appeal herein, and the record having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is ordered by the Court that the said motion to quash the appeal be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN, AND BUFORD, J. J., concur.