M. A. SMITH (Successor to E. P. Duncan) as Liquidator of Bank of Pompano, etc., v. JESS J. HOGAN, *et al.*

157 So. 183.
Division B.
Opinion Filed October 24, 1934.

*Baxter & Walton,* for Appellant;

*R. R. Saunders,* for Appellees.

BUFORD, J.—The appeal before us is from a decree dis-

missing a bill of complaint in a foreclosure of mortgage suit.

The defendants answering as a defense to the foreclosure alleged that the mortgage purported to encumber the homestead of the defendants and that the execution of the same was never acknowledged by the wife before a Notary Public and that she never at any time appeared before the Notary Public purporting to take the acknowledgment for the purpose of making an acknowledgment of any sort to the execution of the said mortgage.

The testimony of both the defendants was that the wife who is alleged to have executed and acknowledged the mortgage did not appear before the Notary Public who purported to take the acknowledgment of the same at any time for the purpose of making such acknowledgment.

The Master appointed to take and report the evidence with his findings reported, in part, as follows:

"The fact that McEwen v. Schenck was remanded to the Chancellor directing him to weigh the evidence renders this case difficult to reconcile with the prior decisions, for if the testimony of the husband and wife is not sufficient to overcome the effect of the officer's certificate there was nothing to be gained by remanding the cause to the lower court for further proceedings. The Supreme Court has repeatedly held that they are not particularly interested in the reasons assigned by the trial court if the results are correct. If Morris v. Sheppard is to be followed what judgment could have been entered in McEwen v. Schenck other than the one originally entered by the Chancellor? As I interpret the decisions prior to McEwen v. Schenck the Chancellor weighing the evidence and determining the sufficiency of the evidence in cases involving questions herein discussed must follow an arbitrary and fixed rule,

to-wit: the testimony of the mortgagors alone without corroborative evidence is not sufficient to overcome the presumption created by the officer's certificate. The case of McEwen v. Schenck has apparently changed this rule. In the final analysis the question seems to be this, did Mr. and Mrs. Hogan by their sworn testimony standing alone convince me that they were speaking the truth, and that the officer's certificate is false? The husband and wife are positive in their testimony that neither of them, particularly the wife, appeared at any time before the notary public whose certificate is attached to the mortgage, and acknowledged the execution of the mortgage. I have every reason to believe that Mr. and Mrs. Hogan were telling the truth when they testified in this case. It is quite true that the defense which they interposed is not a popular defense in a court of equity but that must be disregarded. At the time of the execution of the mortgage both the mortgagors undoubedly intended to make a valid mortgage on their homestead, however, their intention is immaterial. The testimony of Mr. and Mrs. Hogan convinces me that the officer's certificate attached to the mortgage does not speak the truth, and that Mrs. Hogan, particularly, never appeared before the said notary public, and acknowledged the execution of the mortgage in question."

This finding was reported by one acting as Master whom this Court recognizes as an eminent attorney of the bar of this State and was followed by the learned Chancellor who rendered the final decree.

From this we apprehend that there is some confusion in the minds of attorneys and judges as to the purport of the former decisions of this Court which will be hereinafter cited.

The rule established by these decisions is, that where a

husband and wife join in the conveyance or encumbrance of homestead property and they both appear before a Notary. Public to acknowledge the execution of the conveyance or encumbrance the Notary Public acquires jurisdiction to execute the acknowledgment and when he has made and executed the certificate it must be received and accepted as a verity and it cannot be impeached by the testimony of the husband and wife alone or by the officer purporting to take the acknowledgment except for fraud. But, if the married woman does not appear before the Notary Public and he executes a certificate of acknowledgment without her having been present before him for the purpose of making such acknowledgment, the certificate is only *prima facie* evidence of such acknowledgment having been made and is a legal fraud and its verity may be overcome by the testimony of the husband and wife, if the Chancellor so finds with, or without, other corrobative evidence.

The certificate in such case is only prima facie evidence and when the Court determines from the consideration of that *prima facie* evidence, together with the other evidence offered, that the certificate is false and that in truth and in fact the married woman whose acknowledgment is purported to have been taken did not appear before the Notary Public and that the Notary Public did not acquire jurisdiction by reason of her presence to take the acknowledgment, then the certificate will be held to be void and the conveyance or encumbrance will be invalid. So in this case it appears that the Master considered the certificate as *prima facie* evidence but, upon hearing the testimony of the husband and wife whose acknowledgment was purported to have been taken he determined that the certificate was false and that in truth and in fact the married woman did not appear before the Notary Public and, there-

fore, the mortgage was invalid to create a lien on the homestead property. If, after hearing that testimony, the Master had determined and if, after a consideration of the testimony, the Chancellor had found that the certificate was a true certificate and that the witnesses who denied its validity were speaking falsely a decree holding the certificates valid would have been justified.

The record in this case justifies the findings of the Master and the decree of the Chancellor in this regard.

It, therefore, follows that the mortgage was void as a lien upon the homestead under authority of the opinions and judgments in the cases of McEwen v. Schenck, 108 Fla. 119, 146 Sou. 839; Flowers v. Schenck, 110 Fla. 256, 148 Sou. 581; Murphy v. Duncan, 111 Fla. 548, 149 Sou. 594; and Oates *et al.*, v. New York Life Insurance Co., 113 Fla. 678, 152 Sou. 671.

The decree appealed from should, therefore, be affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, and TERRELL, J. J., concur in the opinion and judgment.

DAVIS, C. J., concurs specially.

DAVIS, C. J. (concurring).—I concur in the foregoing opinion but not in the conclusion. If the parties did not appear before a Notary who certified to the purported acknowledgment the Notary acquired no jurisdiction to make a conclusive certification against the parties, and that fact is capable of being established by the parties themselves as well as by other evidence. But the credulity of masters and Chancellors ought not to be liberally exercised in this acceptance as true as against a *prima facie* valid certificate of acknowledgment constituting evidence of equal dignity *contra,* the unsupported denials of a husband and wife that

they did not do that which their very conduct in using an acknowledged mortgage to obtain bank credit implies that they did do, namely, appear before the officer and acknowledge the instrument. *Volente non fit injuria* should be applied here.