EVA A. OLIVER, *et vir.,* v. E. N. SPERRY.

165 So. 560.
Division B.
Opinion Filed February 1, 1936.

*Hall & English,* for Appellants;

*McCune, Hiaasen & Fleming,* for Appellee.

PER CURIAM.—After complainant had filed his first amended bill of complaint and both the answer and amended answer had been filed thereto, he obtained leave of Court to file a second amended bill.

The second amended bill set out substantially these facts: On June 30, 1925, Eva A. Oliver, being indebted to E. N. Sperry, joined by her husband, Frank R. Oliver, executed and delivered their sealed promissory note for $10,000.00, due in three years, to E. N. Sperry. The note was secured by a mortgage on "lots 7 and 8 of Block 30 as shown on the map of the town of Fort Lauderdale," which was the separate property of Eva A. Oliver, a married woman. This mortgage was the renewal of a mortgage dated October 5, 1922, securing the same indebtedness. The renewal was granted at the request of Eva A. Oliver or her duly authorized agent so that she might make a sale of the property.

Eva A. Oliver and Frank R. Oliver, by warranty deed, dated December 23, 1925, conveyed the property to J. Wellington Roe, Inc., the grantee assuming the $10,000.00 mortgage to Sperry, and also executing to the Olivers a mortgage for $112,000.00 on the property, in addition to paying $5,000.00 in cash.

J. Wellington Roe, Inc., by warranty deed, dated April 2, 1926, conveyed the property to Acme Builders, Inc., the grantee assuming both the $10,000.00 mortgage to Sperry and the $112,000.00 mortgage to the Olivers.

The Acme Builders, Inc., by warranty deed, dated July 19, 1926, conveyed the property to Eva A. Oliver and Frank

R. Oliver, her husband, the grantees assuming the $10,000.00 mortgage to Sperry.

The bill alleged breach of covenants to pay principal and interest on the note for $10,000.00; and failure to pay the following past due taxes on the property: State and county, Broward Drainage, Okeechobee Flood Control, and City of Fort Lauderdale, and sought to foreclose the mortgage.

The bill also contained paragraphs seeking alternative relief, in case the mortgage was found to be defectively executed by the married woman. These paragraphs will be disposed of in another part of the opinion.

Complainant prayed that an accounting be taken to determine how much was due under the mortgage and note; and that upon failure to redeem, the mortgage be foreclosed. This was followed by seven special prayers seeking to hold the separate estate of Eva A. Oliver liable for the debt, in the event the mortgage had been defectively executed. The eighth special prayer sought to compel the Olivers, jointly or severally, to convey the property to complainant pursuant to the agreement of May 27, 1932, in the event they did not pay the amount found to be due.

Defendants made a motion to dismiss the bill because (1) it was multifarious; (2) the relief sought was unintelligible; (3) it was framed so as to be impossible of answer and (4) the special prayers were not supported by the allegations of the bill.

Defendants also made a motion to strike parts of paragraph X, all of paragraphs XI and XII; and all of special prayers 2, 4, 5, 6, 7 and 8 and that part of 3 relating to real estate mortgages.

After hearing upon these motions the court entered the following order:

"Thereupon, it is ordered, adjudged and decreed that

said motion to dismiss and said motion to strike addressed to the second amended bill of complaint be, and the same are, hereby denied, and said defendants, Eva A. Oliver and Frank R. Oliver, shall have until April 29th, A. D. 1935, in which to answer the second amended bill of complaint."

Appellants assigned two errors to this order in their appeal. The first error assigned was denying the motion to dismiss the bill of complaint; and the second error assigned was denying the motion to strike certain matters from the bill of complaint.

Appellee filed a petition to quash and dismiss the appeal on the ground that it was frivolous and taken for delay. Consideration of the petition was continued until all briefs in the case were filed.

Upon consideration, the motion to dismiss the appeal is denied because it cannot be said after an examination of the record that the appeal was taken merely for delay and that the assignments of error are without merit.

"If there are doubtful or debatable questions of law or fact, raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the cause for hearing in its regular order upon the docket." Anderson v. Hardesty, 99 Fla. 1347, 128 So. 851.

This appeal was taken from an interlocutory order denying a motion to dismiss and a motion to strike addressed to the second amended bill of complaint. The only question involved is whether the bill of complaint is sufficient as against the motion to strike and the motion to dismiss.

Upon examination of the bill of complaint, it is found that several theories were embodied therein upon which relief was asked. The bill of complaint was framed to foreclose the mortgage executed by Eva A. Oliver and

Frank R. Oliver, her husband, to E. N. Sperry, dated June 30, 1925. The bill also included an alternative remedy of declaring a lien to exist upon the separate statutory property of Eva A. Oliver, a married woman, on the theory that her estate was benefited or enhanced. There was another alternative theory of relief on the ground of assumption of the mortgage by accepting a deed from Acme Builders, Inc., with an assumption clause contained therein. There was still another alternative theory of relief in that specific performance of an agreement to convey the property be granted. Taking up each theory separately, it may be determined whether these causes were improperly joined in one bill.

A bill of complaint seeking to foreclose a mortgage and also asking for relief in the alternative that, if the mortgage be found to be defectively executed, a lien be declared on the property as the separate statutory property of a married woman, is not objectionable because both theories of relief seek to declare and enforce a lien on the same property, for the same debt against the same party. Where based on the same set of facts and the parties are the same, complainant has the right to state his case in the alternative. See 10 R. C. L 434, Sec. 196. There is no inconsistency between these two theories of relief, but each is complementary to the other. This joinder is authorized under the Chancery Act of 1931. See Sec. 4902 (12) C, G. L.

The bill of complaint also contained a theory that the mortgage debt was assumed by the Olivers by accepting a deed from Acme Builders, Inc., containing an assumption clause. This theory is apparently not without utility to complainant, although if the married woman did not validly execute the mortgage, dated June 30, 1925, the several trans-

fers of the land to others, the grantee in each transfer assuming the mortgage, ultimately bringing the assumption clause back to the married woman, could not give efficacy to a nullity so as to impose liability on a married woman based on the execution of the mortgage. See Wilkins v. Lewis, 78 Fla. 78, 82 So. 762; Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350. Yet, where one of original mortgagors became a subsequent purchaser of the property, assuming the payment of the mortgage debt as a part of the purchase price, she thereby brought herself within the rule stated in Hartman, et al., v. Poole, et al., 103 Fla. 858, 139 Sou. 589.

"A subsequent purchaser of mortgaged property, whether a married woman or not, who assumes the payment of prior existing mortgages upon property that such subsequent purchaser buys, as a part of the purchase price of such property, is estopped to defend against the foreclosure of such mortgage upon any ground. See Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 48 Sou. Rep. 599. In such cases the estoppel which is recognized in cases of this character, and the reasons for it, are as much applicable on principle to a married woman as to other subsequent purchasers under like circumstances."

It follows that although the original mortgage may have been void as against the married woman purporting to execute the same, her subsequent assumption of the mortgage debt upon becoming a subsequent purchaser of the property is valid as against her interest in the property so acquired and she cannot be heard to plead the invalidity of the mortgage. If, on the other hand, the mortgage was validly executed by the married woman, then the obligation could be enforced by foreclosing the mortgage itself, without resort to the assumption or estoppel theory.

· Upon another theory complainant asked that the Olivers be compelled to specifically perform an agreement to convey the property to complainant, which they had agreed to do upon failure to pay interest or taxes when due. This agreement was contained in a letter, dated May 27, 1932, addressed to complainant and signed by the Olivers. This theory of relief was improperly joined with that of foreclosing the mortgage, and was objectionable upon motion to dismiss on the ground of multifariousness. When two distinct collocations of distinct and different facts, each collocation presenting different rights and calling for different relief, are embodied in the same bill of complaint, that bill is multifarious. See Snyder v. Grandstaff, 96 Va. 473, 31 S. E. 647, 70 A. S. R. 863; 10 R. C. L. 434, Sec. 196.

Specific performance of a contract to convey land and foreclosure of a mortgage on that same land are remedies so diverse in their nature that they may not both be incorporated in the same bill of complaint.

Complainant is allowed thirty days after the cause is remanded in which to amend his bill of complaint so as to relieve it of the objections pointed out in this opinion; otherwise, the bill will be dismissed without prejudice.

Order modified in part.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J. concur in the opinion and judgment.