The New York Life Insurance Company v.
A. Y. Oates, *et ux.*

192 So. 637
En Banc
Opinion Filed December 22, 1939

*Raymond D. Knight, Henry P. Adair, Bradford G. Williams* and *John M. McNatt,* for Appellant;

*Ira C. Hopper,* for Appellees;

*Richard M. Marks, Wm. H. Rogers* and *George A. Pierce,* as *Amici Curiae.*

### STATEMENT

In rendering the decree appealed from, the chancellor found from the evidence that:

"On the first day of June, 1926, Mr. and Mrs. A. Y. Oates were the owners by the entireties of a certain parcel of land, with improvements thereon, located in Casa Bella, a subdivision of Lakeland in the County of Polk in this State. Mr. Oates having obtained the promise of a loan from the mortgagee, Telfair Stockton & Company, had prepared a mortgage to secure the payment of a note executed by him and his wife for the payment of the loan, which was in the sum of $15,000.00, and took the mortgage to his wife and procured the signature thereto of his wife.

"The signatures of Mr. and Mrs. Oates appear to have been made in the presence of two witnesses: A. F. Pickard and Leona C. McGowan. The latter named person is the notary public before whom the certificate of acknowledgment of the execution of the mortgage appears to have been made. Mrs. Oates, at the request of her husband, signed the mortgage at her home and did not appear in person before Leona C. McGowan, the notary public, who was an employee in the office of Mr. Pickard, which office was located elsewhere in the City of Lakeland.

"Mrs. Oates had on many occasions before signed deeds or mortgages at the request of her husband without appearing before a notary public to acknowledge the execution of the instruments in accordance with the requirements of the statute. She did not know that the mortgage in question in this case described the homestead, nor does it

appear that there was any conversation between her and her husband relating to the subject matter of the transaction.

"There is no evidence that Mrs. Oates acted under duress in signing the mortgage, nor is there any evidence that Mr. Oates did not receive the money for which the mortgage was given. Mr. Oates took the mortgage and delivered it to the mortgagee, Telfair Stockton & Company, the mortgage appearing upon its face to have been duly executed and acknowledged.

"Mr. Oates at the time of applying for the loan from Telfair Stockton & Company, and at the time of the execution of the mortgage and delivery of the same, and afterwards, was the head of a family residing in this State, and the property covered by the mortgage was, as stated, the homestead of Mr. Oates, although it was owned by himself and his wife by the entireties.

"The court further finds that at the time Mrs. Oates signed the mortgage in question there was a blank unexecuted certificate of acknowledgment appended thereto immediately below the place for signatures and upon the same sheet. This certificate was subsequently executed by the notary public, although Mrs. Oates did not appear before her and made the requisite acknowledgment of the execution of the mortgage, and the mortgage was subsequently filed for record in the office of the Clerk of the Circuit Court of Polk County, Florida, and duly recorded. Later the New York Life Insurance Company purchased the note and mortgage from the mortgagee at par value and neither at the time of the delivery of the mortgage to Telfair Stockton & Company nor at the time of delivery by it to the New York Life Insurance Company was either party advised that there was any defect whatsoever in the certificate of execution of the mortgage by the wife, Mrs. Oates, and

the said New York Life Insurance Company was therefore purchaser for value before maturity without notice of any defect whatsoever.

"The Court further finds that Mrs. Oates did not participate in the reception of that loan or the inception of that loan or the benefit derived from it; neither did Mrs. Oates either by her conduct or by her words induce Telfair Stockton & Company to make the loan to her husband on the faith of the security represented by the mortgage involved in this controversy, nor did she participate in any manner in the transaction by which the loan was secured, but she merely, at the request of her husband, signed the mortgage without knowledge for what purpose it was executed or upon what proverty it purported to constitute a lien. She was not even aware that the property described was the homestead which was held by her and her husband by the entireties. She did not know that Mr. Oates, after procuring her signature to the mortgage, carried it before a notary public and, in her absence, caused the certificate of acknowledgment of Mrs. Oates to be made out and signed by the notary public and thereupon carried the mortgage to Telfair Stockton & Company and received therefor the sum of money evidenced by the promissory note, the payment of which the pretended mortgage purports to secure.

"Wherefore, this court is of the opinion that there are no facts and circumstances in this cause presented in the evidence in this cause that would justify invoking the doctrine of estoppel against the defense herein set up by the defendants, Almena Oates and A. Y. Oates; that the mortgage was not properly executed because Mrs. Oates did not appear before the notary public and acknowledge the execution of same; and this court finds that there is no evidence

in this cause which would warrant this court in finding that Mrs. Oates by her words or deeds authorized her husband to cause the certificate of acknowledgment to be made out in her absence to the end that a loan, as set forth in the instrument, might be procured from the mortgage."

The copy of the mortgage attached to and made a part of the bill of complaint, shows the execution and certificate of acknowledgment of the mortgage to be as follows:

"IN WITNESS WHEREOF, said Mortgagors have executed these presents under seal at Lakeland, in Polk County, Florida, the day and year first above written.

"A. Y. OATES    (Seal)

"ALMENA OATES  (Seal)

"Signed, sealed and delivered in the presence of the following witnesses:

"A. F. PICKARD,

"LEONA C. McGOWAN.

"STATE OF FLORIDA

"COUNTY OF POLK

"Before me personally appeared A. Y. Oates and Almena Oates, his wife, both of whom are to me well known, and known to me to be the individuals described in and who executed the foregoing mortgage, and acknowledged to and before me that they executed said mortgage for the purpose therein expressed; and the said Almena Oates, well known to me and known to me to be the wife of said A. Y. Oates, upon a separate and private examination, taken and made separately and apart from her said husband, acknowledged before me that she executed said instrument freely and voluntarily, without any compulsion, constraint, apprehension or fear of or from her said husband, for the purposes herein set forth.

"WITNESS my hand and official seal, this first day of June, 1926.

"(NOTARIAL SEAL)      "LEONA C. McGOWAN,
                      "Notary Public for the
                      State of Florida at Large.
                      My Commission expires
                      Dec. 15, 1929."

"The Constitution provides that the homestead 'real estate shall not be alienable without the joint consent of husband and wife when that relation exists.' Sec. 1, Art. X.

' 'Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself, or herself, and by husband and wife, if such relation exists.' Sec. 4, Art. X.

" 'All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women.' Sec. 1, Art. XI." See Act No. IX, Territorial Laws, March 6, 1845.

"Conveyances of real estate are required to be 'by deed, signed, sealed and delivered in the presence of at least two subscribing witnesses.' Sec. 5660 (3787) C. G. L. See Springfield Co. v. Ely, 44 Fla. 319, 32 So. 892; Cobb v. Bear, 57 Fla. 370, 49 So. 29; Russell v. Henslee, 101 Fla. 1318, 132 So. 489.

"The statutes of the State contain the following:

" 'Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance

or mortgage.' Sec. 5674 (3801) C. G. L." (Acts Feb. 4, 1835.)

" 'Any married woman having a right of dower in any real property may relinquish it by joining in the conveyance or mortgage of such real property, or by a separate deed executed in like manner as other conveyances.' Sec. 5675 (3802) C. G. L.

" 'To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements.' Sec. 5676 (3803) C. G. L."

For recording statutes see Sections 5698 (3822), 5699 (3823), 5700 (3824), 5744 (3841) C. G. L.

WHITFIELD, J.—Appellant seeks to enforce a mortgage lien upon homestead real estate held by the entireties, the mortgage being valid on its face and having been assigned to plaintiff for full value and in good faith. The defense is that the wife did not in fact acknowledge before an officer her execution of the mortgage which she signed with her husband. Plaintiff contends for an estoppel because of the misleading conduct of the wife in signing and delivering the mortgage to the husband, which enabled him to procure the official certificate of the wife's acknowledgment to be affixed to the mortgage.

On the last appeal a decree dismissing the bill of complaint was "reversed with directions to adjudicate the question of estoppel as the same is invoked against Mrs. Oates, and in so doing determine whether the evidence

discloses in this case that by her words or deeds she authorized her husband to cause the certificate of acknowledgment to be made out in her absence to the end that a loan, as set forth in the instrument, might be procured from the mortgagee." Oates v. New York Life Inc. Co., 130 Fla. 851, 178 So. 570.

Pertinent findings of the chancellor appear in the statement together with applicable provisions of the Constitution and statutes.

The essential question to be determined is whether the husband and the wife are estopped in law from claiming the mortgage to be invalid on the ground that the wife did not acknowledge before any officer the execution of the mortgage of the homestead real estate held by the entireties. It is made to appear that the husband and the wife each signed the mortgage, that she willingly signed and delivered the mortgage to her husband in the usual course of their conduct in the execution of many other like instruments; that he had the usual legal official certificate of her acknowledgment of such execution affixed to the mortgage by an officer, though she never appeared before the officer; that the husband delivered the apparently duly executed and acknowledged mortgage to the mortgagee and received the loan and made payments thereon for several years; that the mortgagee and the assignee of the note and mortgage for full value before default or maturity, each acquired the note and mortgage without any notice or knowledge whatever that the wife did not in fact appear before the officer who affixed the certificate of her acknowledgment of the execution of the mortgage; that the wife did not challenge the validity of the mortgage or its record until foreclosure began.

Statements of the pleadings in this case and applicable

principles of law appear in New York Life Ins. Co. v. Oates, 122 Fla. 540, 166 So. 269, it being there held:

"Where a mortgage on homestead real estate owned and held as an estate by the entireties, appears upon its face and by the appended official certificate to have been executed and acknowledged by the husband and wife in accordance with the requirements of the Constitution and laws of the State, such mortgage instrument is at least *prima facie* valid as an encumbrance upon the property and the official certificate of due acknowledgment of the execution of the mortgage instrument by the wife, being *quasi* judicial in its nature, will stand to sustain the validity of the mortgage until it is overcome as may be authorized by law.

"Where in a suit to foreclose such a mortgage, it is admitted or duly proven that the mortgage was signed by both the husband and the wife, but it is averred as a defense that the wife did not appear before or acknowledge the execution of the mortgage before the officer whose certificate states that she did so appear and acknowledge the execution of the mortgage, then, in the absence of estoppel, such averment as a defense may be proven by convincing evidence. Hutchinson v. Stone, 79 Fla. 157, 84 So. 151; Randall v. Twitchell, 98 Fla. 559, 124 So. 21; Morris v. Shepard, 104 Fla. 121, 139 So. 189; Smith v. Hogan, 117 Fla. 82, 157 So. 183; Suttle v. Wold, 117 Fla. 802, 158 So. 447; Smith v. McEwen, 119 Fla. 588, 161 So. 68." (Text pp. 555-6.) "A married woman in proper cases may be estopped by her conduct concerning the execution of acknowledgment of instruments affecting real estate in which she is interested. See Maiben v. Bobs, 6 Fla. 381; Hobbs v. Frazier, 61 Fla. 611, 55 So. 848; Ponce de Leon Fountain of Youth Co. v. Day, 90 Fla. 197, 105 So. 814; Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350; Mexican

Rubber Co. v. Ackley, 101 Fla. 552, 134 So. 585; Kansas City Life Ins. Co. v. Harroun, 44 Idaho 643, 258 Pac. 929; Ehle v. Looker, 182 Mich. 248; Hamling v. Aetna Life Ins. Co., 34 Fed. (2nd) 112." (Text p. 558.)

The doctrine of estoppel was administered by the courts at common law. See Doe v. Cropper, 10 Adolph. & Ellis 90; Savage v. Foster, 9 Mod. Reports 35. Its proper application is not violative of, but is consistent with, the Constitution and statutes of Florida.

"The doctrine of estoppel is a part of the common law that is in force in this State and it should be appropriately applied when the facts in a litigated case justify it." State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1398.

The principles of estoppel have long been applied in appropriate proceedings by the courts of this State as a part of the established jurisprudence.

"While other classes of estoppels have not received much or great favor from the courts, those *in pais* have been much extended and received a liberal, enlarged and, we might add, an enlightened construction. The technicalities incident to estoppels are gradually giving way to considerations of reasons and practical utility, and the courts of the present day seem disposed to give force and efficacy to a doctrine which is based upon principles of justice and the purest morality." Camp v. Moseley, 2 Fla. 171, text page 197.

"Married women in proper case may be estopped by her conduct concerning execution of acknowledgment of instruments affecting real estate in which she is interested." Headnote 9, New York Life Ins. Co. v. Oates, 122 Fla. 540, 166 So. 269; McClure v. Am. Nat. Bank, 67 Fla. 32, 64 So. 427.

" 'The law of estoppel may be briefly" stated "as follows:

" '1. Words and admissions, or conduct, acts and acqui-

escence, or all combined, causing another person to believe in the existence of a certain state of things.

" '2. In which the person so speaking, admitting, acting and acquiescing, did so willfully, culpably or negligently.

" '3. By which such other person is or may be induced to act so as to change his own previous position injuriously.' (Coogler v. Rogers, 25 Fla. 853, 7 So. 391.)

"See also Warner v. Watson, 35 Fla. 402, 17 So. 654; Johnson v. Elliott, 64 Fla. 318, 59 So. 944; First Nat. Bank v. Ashmond, 33 Fla. 416, 14 So. 886." New York Life Ins. Co. v. Oates, 122 Fla. 540, text 559, 166 So. 269.

"Where the facts of the particular case warrant it, the doctrine of estoppel may be applied to married women, with reference to conveyances of their separate property." Headnote 1, Johnson v. Elliott, 64 Fla. 318, 59 So. 944.

The provisions of the Constitution and statutes regulating conveyances and mortgages of homesteads and other real estate by husband and wife (as shown in the statement, and the statutory requirements for the record of such conveyances and mortgages, Sections 5698 (3822), *et seq.,* 5744 (3841) C. G. L., contemplate that such regulations and requirements shall in good faith be substantially complied with for the protection of the interests of all parties; but neither the Constitution nor the statutes provide that such conveyances or mortgages shall not be valid or binding on the married woman if the prescribed formulas are not actually and completely complied with; and the organic and statutory provisions do not intend or contemplate that the required regulations may be so utilized as to mislead those who in good faith acquire such conveyances or mortgages. Nor do the Constitutions and statutes forbid the application of the principles of estoppel, laches, waiver, acquiescence, or other principles of law in proper cases where

conveyances or mortgages are alleged to have been defectively executed or acknowledged by married women or others when adverse interests are involved.

When the prescribed execution and acknowledgment, as shown by the instrument, appear to be regular and legal on their face ,and there is nothing in or on the mortgage or conveyance or the record thereof to indicate a failure to comply with any of the formal requirements as to the execution, acknowledgment or record of such instruments, other parties may assume the legality of such execution and acknowledgment in the absence of notice or knowledge of any irregularity. The law affords a remedy for misleading conduct or grantors or mortgagors to the injury of grantees and mortgagees, as it does for duress or fraud in procuring the execution or acknowledgment of the instruments in which the grantee or mortgagee participated, or of which they had notice. If such remedies were not afforded the law would operate to create uncertainty and to unsettle titles and contract rights, to do great injustice to innocent parties and to bring discredit upon the procedure provided by the State for executing and acknowledging conveyances and mortgages of real estate, which constitute a most important part of transactions affecting family homes contract rights and other vital human affairs. The purpose of the regulations and prescribed formulas is to secure certainty and reliability in conveyances and mortgages not to afford a means of misleading those who execute or acquire conveyances or mortgages of real estate.

The Constitution confers upon married women the *right to join* their husbands in executing conveyances and mortgages of homestead real estate and the separate real property of the wife; and the statutes prescribe the manner in which the wife shall acknowledge before an officer her exe-

cution of such conveyances and mortgages, to render such mortgages effectual.

When such a mortgage appears on its face to have been duly and completely executed by husband and wife, and such execution by the wife appears to have been duly acknowledged by her before an authorized officer who duly certifies thereto as required by the statute, such an execution and acknowledgment are *prima facie* sufficient to make the mortgage legal for its purpose as shown by the face of the instrument, and such *prima facie* validity continues unless invalidity is duly shown in appropriate and timely proceedings. If the wife willingly signs such mortgage with her husband and delivers it to him, thereby enabling him to have it authenticated in her absence, and, because of her signature with her husbands thereto the mortgage is made to appear on its face to be a full and complete compliance with the statutes regulating the execution and acknowledgment of such mortgages, the wife may be estopped to defend against the enforcement of the mortgage lien, *if her conduct with reference to the execution of the mortgage* is such as to justify the application of the doctrine of estoppel to the pleadings and the facts and circumstances of the particular case. See 1 Am. Juris. 385; Karcher v. Gans, 13 S. D. 383. In Smith v. Hogan, 117 Fla. 82, 157 So. 183, and other like cases, estoppel of the mortgagors was not invoked. See Suttle v. Wold, 117 Fla. 802, 158 So. 447. See cases cited in New York Life Ins. Co. v. Oates, 122 Fla. 540, 166 So. 269.

In this case the husband and wife owned the property by the entireties. It was their homestead. Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223; Oates v. New York Life Ins. Co., 113 Fla. 678, 152 So. 671.

The husband solicited the loan from the mortgage com-

pany. There is testimony that the husband said he would have the mortgage duly executed and acknowledged before an officer other than the notary in the mortgagee's office. When the husband presented the note and mortgage, the wife willingly signed and delivered them to the husband as she had done in many previous instances. Under the statute the husband has the care and management of the wife's property. The husband had the acknowledgment certificate executed by the official when the wife had never appeared before the officer to make the acknowledgment. The mortgagee had no cause to suspect or doubt the regularity and validity of the execution and acknowledgment of the mortgage. The mortgage was recorded with every appearance of due execution and acknowledgment. The note and mortgage were assigned in due course before maturity to plaintiff for full value without anything to suggest any irregularity or invalidity of the mortgage that was legal on its face and duly recorded. Payments were made on the mortgage debt and then there was default in payments after the mortgage had been assigned to plaintiff.

The wife states she did not know the mortgage covered the homestead; but she signed it because her husband requested her to do so, as he had done in many other like transactions. The signing and delivery to the husband in the course they had pursued in executing several hundred other such documents indicated that she intended the instrument to be made effective in the manner designed by the husband in due course of law and business requirements; and by such intended and willing signing and delivery to the husband, with the character and contents of the instrument open to her inspection or to specific inquiry, she made it practicable for the husband to have the blank certificate · of acknowledgment appearing upon the mortgage, signed

by the officer and delivered to the husband when the wife was not present and had not appeared before the officer, so that the husband could then deliver it to the mortgagee properly and legally executed and acknowledged on its face. The evidence indicates that the wife was capable of appreciating what her signature meant, and was not misled, deceived or imposed on in any way whatever.

The wife had customarily signed and delivered to her husband papers of a like nature, knowing of course that they were business transactions and that he would do with them what was required to make them effective according to their contents and terms under the law. The note and the mortgage showed a loan was contemplated. If she signed them without reading them or inquiring as to their contents or legal effect, she knew they were subjects of business transactions and she was accustomed to signing such instruments. In the absence of duress, fraud, mistake or accident, she is in law bound by the contents of the mortgage as far as the law permits her to be. She is by law authorized with her husband to mortgage the real estate held by the entireties, and to join him in mortgaging the homestead real estate.

It is not shown that the wife actually received any of the mortgage money, but she and her husband had the whole estate by the entireties and each has the right by survivorship to the sole ownership of the entire property. The husband's interest in the property could not be benefited by the mortgage loan without also benefiting the wife's interest in the mortgaged property held by the entireties.

Under the circumstances shown, the wife is, by her conduct in signing and delivering the mortgage to her husband thereby enabling him to make the mortgage effective, estopped in law to impeach the validity of the official certifi-

cate of acknowledgment that is legal on its face as a full compliance with the requirements of the Constitution and the statutes in the execution of mortgages of homestead real estate and of her interest in the real property held by the entireties.

This merely estops the wife from claiming against the mortgage and leaves the mortgage as it was delivered and recorded, being on its face a complete compliance with the requirements of the Constitutions and statutes in the premises. The Constitution is not violated. Both the husband and the wife signed the mortgage, thereby joining in its execution as required by the Constitution. The mortgage is on its face executed and acknowledged, as required by the statute. The wife's conduct in willingly signing and delivering the mortgage to her husband enabled him to have the requisite official certificate to acknowledgment affixed to the mortgage in her absence; and on the evidence in this case the law imputes to the wife knowledge that the mortgage she had signed and delivered was intended by her husband to be made effective under the law as security for a loan.

Even if Mrs. Oates did not know that the law required mortgages of real estate executed by her to be acknowledged before an officer separate and apart from her husband, and even if she also did not know the mortgage she signed in this instance embraced the homestead, it must be assumed that she did intend the mortgage she signed to be made effective according to its terms. On this record the inference is fair and convincing that, in accordance with her usual course in previously signing many such documents when requested by her husband, she willingly signed the mortgage knowing she was joining her husband in executing an instrument affecting the title to real estate with

the tacit understanding on her part that such execution of the instrument was intended by her husband to be made effective for the purpose shown by the contents of the instrument signed by her and by her husband.

The mortgage was, *on its face,* when delivered to the mortgagee and as recorded, properly signed, witnessed and acknowledged by the husband and wife as required by the Constitution and the statutes; and as both the husband and the wife intentionally signed the mortgage; and as the wife committed the signed mortgage to the husband for the purpose as intended by him, whom she trusted in all such matters, thereby enabling him to have the required attestation and the official acknowledgment certificate supplied so as to make the mortgage show on its face a complete compliance with the law in its execution and acknowledgment, and as the validity of the mortgage had not been contested by her and had been for several years recognized and acted upon by the husband in receiving the consideration for the mortgage and in paying installments thereon, the wife will not in a court of equity be permitted to now avoid the mortgage by testimony that, though an official certificate of her acknowledgment of the execution of the mortgage before the officer is shown on the mortgage and on the record of it, yet such acknowledgment was not in fact made by her before the officer who made the certificate of acknowledgment. The certificate is in law *prima facie* and presumptively valid to make effective the mortgage signed by husband and wife, unless and until it is duly shown to be invalid for duress or other cause that may be presented under the law. The plaintiff is the assignee for full value of the note and mortgage and is entitled to the rights the law accords to a *bona fide* assignee without notice of any latent defect in the apparently duly executed and acknowledged mortgage as

shown by the mortgage and by the record of it. See Mc-Clure v. Am. Nat. Bank, 67 Fla. 32, 64 So. 427; Reasoner v. Fiskikelli, 114 Fla. 102, 153 So. 98.

This decision is not an attempt to nullify or to disregard the requirements of the Constitution and the statutes on the subject of the conveyance or mortgage of homestead real estate. The mortgage and the record of it as made show a complete execution and acknowledgment of the mortgage by the husband and the wife as is required by the statute. They are in law estopped by their conduct to impeach the mortgage upon the facts shown by the record.

The mortgage contract is authorized by law; it is mutual and customary; it has been fully performed by the mortgagee in making the $15,000.00 loan, and it has been performed in part by the mortgagor husband; the *bona fide* assignee of the mortgage for full value is entitled to have performance by the mortgagors; equity will not prevent performance on a record justifying an estoppel against the husband and wife mortgagors who seek to have the mortgage adjudged to be void and ineffectual on the ground that the wife did not make the acknowledgment before the officer, though both she and her husband signed the note and the mortgage. There is no duress or fraud involved and the conduct of the mortgagors misled the mortgagee. The *bona fide* assignee of the note and mortgage for full value is legally and justly entitled to appropriate remedy and relief. This accords with the command of the Constitution that "right and justice shall be administered" in the courts "by due course of law." Sec. 4, Declaration of Rights.

In Shad v. Smith, 74 Fla. 324, 76 So. 897, the wife was imposed upon and the validity of the conveyance was promptly challenged in the courts.

In Wilkins v. Lewis, 78 Fla. 88, 82 So. 762, and in

Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350, the husband did not join the married woman in executing the instrument. Estoppel of the married woman was not an issue in Oliver v. Sperry, 122 Fla. 428, 165 So. 560.

General statements in opinions in other cases where conveyances or mortgages of real estate executed by husband and wife were involved, necessarily have relation to the facts and issues in those cases, and not to the issue of estoppel as made and contested in this case.

The decree is reversed and the cause remanded for an appropriate decree to be rendered for plaintiff.

TERRELL, C. J., CHAPMAN and THOMAS, J. J., concur.

BROWN and BUFORD, J. J., dissent.