Dear Mr. Ellspermann:
You ask substantially the following question:
 Must a sinkhole report submitted to the clerk of court for recording pursuant to section 627.7073, Florida Statutes, be acknowledged and notarized pursuant to section 695.03, Florida Statutes?
 According to information provided by your office, a sinkhole report has been recorded by the Marion County Clerk's Office pursuant to section 627.7073, Florida Statutes. An attorney has requested that the clerk expunge the report since it does not comply with section 695.03, Florida Statutes. This office has been advised that it is your position that you are required to record a sinkhole report that contains all of the elements described in section 627.7073, regardless of whether it is acknowledged as provided in section 695.03. Based upon the discussion below, I concur, but would suggest that the Legislature may wish to clarify its intent on this matter.
 Section 627.7073(1), Florida Statutes, provides that upon completion of testing as provided in section 627.7072, Florida Statues, which relates to testing standards for sinkholes, the professional engineer or professional geologist shall issue a report and certification to the insurer and the policyholder as provided in the section.[1] The respective findings, opinions, and recommendations of the professional engineer or professional geologist as to the cause of distress to the property and the findings, opinions, and recommendations of the professional engineer as to land and building stabilization and foundation repair shall be presumed correct.[2]
Section 627.7073(2)(a), Florida Statutes, provides:
 "(2)(a) Any insurer that has paid a claim for a sinkhole loss shall file a copy of the report and certification, prepared pursuant to subsection (1), including the legal description of the real property and the name of the property owner, with the county clerk of court, who shall record the report and certification. The insurer shall bear the cost of filing and recording the report and certification. There shall be no cause of action or liability against an insurer for compliance with this section. The recording of the report and certification does not:
 1. Constitute a lien, encumbrance, or restriction on the title to the real property or constitute a defect in the title to the real property;
 2. Create any cause of action or liability against any grantor of the real property for breach of any warranty of good title or warranty against encumbrances; or
 3. Create any cause of action or liability against any title insurer that insures the title to the real property."[3] (e.s.)
The seller of real property upon which a sinkhole claim has been made by the seller and paid by the insurer is required to disclose to the buyer of such property that a claim has been paid and whether or not the full amount of the proceeds were used to repair the sinkhole damage.[4]
The statute was first enacted in 2005 in an effort to prevent consumer fraud on insurance companies and to protect buyers who may be unaware of hidden sinkholes on property.[5] As noted above, the statute clearly provides an insurer that has paid a claim for a sinkhole loss shall file a copy of the report and certification with the clerk of the courtwho shall record the report and certification. The statute further provides that the findings, opinions, and recommendations of the professional engineer or professional geologist as to the cause of distress to the property and the findings, opinions, and recommendations of the professional engineer as to land and building stabilization and foundation repair shall be presumed correct and that the recording of the report does not affect the title to the property.
Section 695.03, Florida Statutes, however, provides that "[t]o entitleany instrument concerning real property to be recorded, the execution must be acknowledged by the party executing it, proved by a subscribing witness to it, or legalized or authenticated by a civil-law notary or notary public who affixes her or his official seal, before the officers and in the form and manner" as prescribed therein. While the language of section 695.03 is broad, this office has stated that
"Chapter 695, F.S., controls the recording in Florida of instruments relating to conveyances of real property. Acknowledgment or proof of the execution of such instruments is required by s. 695.03 before they are entitled to be recorded in the public records."[6]
In Attorney General Opinion 79-57, this office concluded that a trust agreement executed pursuant to section 689.05, Florida Statutes, which relates to "declarations and creations of trust and confidence of or in any messuages, lands, tenements or hereditaments" concerned real property within the scope of section 695.03, Florida Statutes. Since the trust had not been acknowledged by the executing party or proved by a subscribing witness as required by statute, this office concluded that the trust was not entitled to be recorded in the official public records.
Moreover, a review of the legislative history of the statute and the cases interpreting its provisions indicates that the statute has been applied to instruments affecting or relating to the conveyance of property or interests in such property. For example, the Florida Supreme Court in New York Life Insurance Company v. Oates, [7] in considering an early version of the statute, stated:
"The provisions of the Constitution and statutes regulating conveyances and mortgages of homesteads and other real estate by husband and wife as shown in the statement, and the statutory requirements for the record of such conveyances and mortgages, Sections 5698 (3822), etseq., 5744 (3841) C.G.L., contemplate that such regulations and requirements shall in good faith be substantially complied with for the protection of the interests of all parties."[8] (e.s.)
Section 627.7073, Florida Statutes, in providing for the sinkhole report, sets forth with specificity what must be contained in the report.[9] The professional engineer or professional geologist is required under the statute to certify such findings. Pursuant to section 627.7073(1)(c), Florida Statutes, the respective findings, opinions, and recommendations of the professional engineer or professional geologist as to the cause of distress to the property and the findings, opinions, and recommendations of the professional engineer as to land and building stabilization and foundation repair shall be presumed correct.
Moreover, as noted above, section 627.7073, Florida Statutes, clearly provides that the clerk of court "shall record" a copy of the report and certification filed by an insurer that has paid a claim for a sinkhole loss.[10] Thus, the statute is specific as to what the sinkhole report must contain and requires that such report be recorded by the clerk, but does not specify any additional requirement such as notarization or acknowledgment for recording the report. As the statute adopted later in time as the more specific provision, section 627.7073 would appear to control the recording of such reports.[11]
Accordingly, while this matter is not free from doubt, I am of the opinion that until legislatively or judicially clarified, a sinkhole report submitted to the clerk of court for recording pursuant to section 627.7073, Florida Statutes, does not need to be acknowledged and notarized pursuant to section 695.03, Florida Statutes. The Legislature, however, may wish to clarify its intent on this matter.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] Pursuant to s. 627.7073(1)(a) and (b), Fla. Stat.:
"(a) Sinkhole loss is verified if, based upon tests performed in accordance with s. 627.7072, a professional engineer or a professional geologist issues a written report and certification stating:
 1. That the cause of the actual physical and structural damage is sinkhole activity within a reasonable professional probability.
 2. That the analyses conducted were of sufficient scope to identify sinkhole activity as the cause of damage within a reasonable professional probability.
 3. A description of the tests performed.
 4. A recommendation by the professional engineer of methods for stabilizing the land and building and for making repairs to the foundation.
 (b) If sinkhole activity is eliminated as the cause of damage to the structure, the professional engineer or professional geologist shall issue a written report and certification to the policyholder and the insurer stating:
 1. That the cause of the damage is not sinkhole activity within a reasonable professional probability.
 2. That the analyses and tests conducted were of sufficient scope to eliminate sinkhole activity as the cause of damage within a reasonable professional probability.
 3. A statement of the cause of the damage within a reasonable professional probability.
 4. A description of the tests performed."
[2] Section 627.7073(1)(c), Fla. Stat.
[3] You refer to s. 695.26(1)(d), Fla. Stat., which states that "[n]o instrument by which the title to real property or any interest therein is conveyed, assigned, encumbered, or otherwise disposed of shall be recorded by the clerk of the circuit court unless: The name of any notary public or other officer authorized to take acknowledgments or proofs whose signature appears upon the instrument is legibly printed, typewritten, or stamped upon such instrument immediately beneath the signature of such notary public or other officer authorized to take acknowledgment or proofs. . . ." However, as you note, s.627.7073(2)(a)1., Fla. Stat., states that the sinkhole report does not "[c]onstitute a lien, encumbrance, or restriction on the title to the real property or constitute a defect in the title to the real property." Thus, the provisions of s. 695.26, Fla. Stat., would not appear to be applicable.
[4] Section 627.7073(2)(b), Fla. Stat.
[5] See s. 21, Ch. 2005-111, Laws of Fla. The statute was subsequently amended in 2006 by s. 28, Ch. 2006-12, Laws of Fla. And see House of Representatives Staff Analysis on HB 365, dated April 11, 2005, storage name: h0365b.JUA.doc. Although HB 365 died in the Committee on Justice Appropriations (FC), CS/SB 1486, which was enacted as Ch. 2005-111, Laws of Fla., and created s. 627.7073, Fla. Stat., contained similar language.
[6] Op. Att'y Gen. Fla. 74-262 (1974).
[7] 141 Fla. 164, 176, 192 So. 637, 642 (Fla. 1939).
[8] Section 5698, C.G.L. is a predecessor provision of s. 695.03, Fla. Stat., and is listed in the history for that statute. And see,e.g., Garvin v. Fox, 160 So. 63 (Fla. 1934) holding that a written instrument providing for appointment of successor trustees upon death or resignation of trustees of lands held as security for payment of a debt held to be an instrument concerning real property; Atlantic Land Improvement Company. v. Lee, 93 Fla. 579 (Fla. 1927) (recording statutes, ss. 3822, 3823, R.G.S., 1920, require acknowledgment or proof of the execution of deeds and mortgages before they may be duly recorded for the purpose of affecting titles and rights in the property);Betsy Ross Hotel, Inc. v. A.G. Gladstone Associates, Inc.,833 So. 2d 211
(Fla. 3d DCA 2002) (joint venture agreement to convert hotel into condominium not acknowledged as required by 695.03); American BankersLife Assurance Company v. 2275 West Corporation, 905 So. 2d 189 (Fla. 3d DCA 2005) (correspondence between the parties to extend the maturity of the mortgage did not comply with the recordation requirements mandated by s. 95.281(2), Fla. Stat., and s. 695.03, Fla. Stat.).
[9] See s. 627.7073(1)(a) and (b), Fla. Stat., which provides:
"(a) Sinkhole loss is verified if, based upon tests performed in accordance with s. 627.7072, a professional engineer or a professional geologist issues a written report and certification stating:
 1. That the cause of the actual physical and structural damage is sinkhole activity within a reasonable professional probability.
 2. That the analyses conducted were of sufficient scope to identify sinkhole activity as the cause of damage within a reasonable professional probability.
 3. A description of the tests performed.
 4. A recommendation by the professional engineer of methods for stabilizing the land and building and for making repairs to the foundation.
 (b) If sinkhole activity is eliminated as the cause of damage to the structure, the professional engineer or professional geologist shall issue a written report and certification to the policyholder and the insurer stating:
 1. That the cause of the damage is not sinkhole activity within a reasonable professional probability.
 2. That the analyses and tests conducted were of sufficient scope to eliminate sinkhole activity as the cause of damage within a reasonable professional probability.
 3. A statement of the cause of the damage within a reasonable professional probability.
 4. A description of the tests performed."
[10] See generally Drury v. Harding, 461 So. 2d 104 (Fla. 1984) (word "shall" when used in a statute has, according to its normal usage, a mandatory connotation); Holloway v. State, 342 So. 2d 966 (Fla. 1977);Florida Tallow Corporation v. Bryan, 237 So. 2d 308 (Fla. 4th DCA 1970); Ops. Att'y Gen. Fla. 98-43 (1998); 97-77 (1997) (language regarding pay is phrased in mandatory terms and does not provide or authorize any alternatives); and 95-20 (1995).
[11] See generally Barnett Banks, Inc. v. Department of Revenue,738 So. 2d 502 (Fla. 1st DCA 1999) (a specific statute covering a particular subject area will always control over a statute covering the same and other subjects in more general terms); Seybel v. State, 693 So. 2d 678
(Fla. 4th DCA 1997); Adams v. Culver, 111 So. 2d 665 (Fla. 1959).And see Askew v. Schuster, 331 So. 2d 297 (Fla. 1976); FloridaAssociation of Counties, Inc. v. Department of Administration,Division of Retirement, 580 So. 2d 641 (Fla. 1st DCA 1991), approved,595 So. 2d 42
(Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).