DREW, Chief Justice.
C. B. Edenfield mortgaged certain property to the appellant, E. B. Edenfield, and the mortgage was recorded. Later, C. B. Edenfield mortgaged the same property to the appellees, Wingard and Duggan. Wingard and Duggan foreclosed their mortgage without joining E. B. Edenfield in the suit.
The present case arose when E. B. Ed-enfield subsequently brought a complaint of foreclosure on his mortgage naming C, B. Edenfield, Wingard and Duggan as defendants. Wingard and Duggan moved to dismiss the complaint .on the contention that the acknowledgment was insufficient to entitle E. B. Edenfield’s mortgage to record, so that the actual recording did not constitute constructive notice to subsequent mortgagees. The chancellor granted the ap-pellees’ motion to dismiss the complaint, allowing appellant thirty days to amend. Appellant petitioned the chancellor for a rehearing, which was denied; and then chose not to amend, but to prosecute his appeal on the original complaint.
The pertinent part of the acknowledgment appearing on E. B. Edenfield’s recorded mortgage reads:
“This day before the undersigned personally appeared E. B. Edenfield! to me well known to be the individual described in and who executed the foregoing Deed of Mortgage, and acknowledged that he executed the same for the uses and purposes therein ex-pressed.” (Emphasis ours.)
Appellant suggests that the acknowledgment is sufficient although it appears on the surface that the mortgagee, E. B. Eden-field, rather than the mortgagor, C. B. Edenfield, made the acknowledgment, because the document as a whole shows the true state of facts, or because the doctrine of “obvious clerical error” should lead the court to disregard the defect.
The general rule, which' Florida has followed, is that a defect in an acknowledgment which would prohibit recordation prevents the primary document from acting as constructive notice, even though actual- *778 1 y recorded. Edwards v. Thom, 25 Fla. 222, 255, 5 So. 707; Lassiter v. Curtiss-Bright Co., 129 Fla. 728, 732, 177 So. 201. See Tiffany on Real Property, Third Edition, Section 1264.
The crux of the present case is the sufficiency of the acknowledgment under the Florida Recording Act, F.S. Ch. 695 F.S.A. A material portion of the statute, Sec. 695.-03, requires:
“In order to entitle any of the instruments named in §§ 695.01, and 695.02 [mortgage] * * * to such record, the execution thereof must be acknowledged by the party executing the same * * * ” (Emphasis ours.)
However, another material portion of the statute, Sec. 695.09, requires that:
“No acknowledgment * * * shall be taken by any officer * * * unless he shall know, or have satisfactory proof, that the person making the acknowledgment is the individual described in and who executed such instrument, * * * ”
We cannot assume the notary failed to obey his official duty set out in Sec. 695.09. Therefore, there can be no doubt that the certificate of the notary that the person who personally appeared before him was “the individual described in and who executed the foregoing deed of mortgage, and acknowledged that he executed the same for the uses and purposes therein expressed” was sufficient to establish that such person was C. B. and not E. B. Eden-field.
In Summer v. Mitchell, 29 Fla. 179, 10 So. 562, 14 L.R.A. 815, we laid down the rule, from which there has been no departure, that the whole of the instrument acknowledged may be resorted to for support of the acknowledgment. This is a fundamental principle of construction. Moreover, in the foregoing case, we pointed out the policy of the law to uphold certificates of acknowledgment wherever possible. In the' present age of modern recording statutes, abstracts of title and other means of investigation of record titles, this principle of .law is of greater force than when it was first pronounced. But even then we declared:
“It is the established policy of the law to uphold certificates of acknowledgment * * * and, wherever substance is found, obvious clerical errors and all technical omissions will be disregarded. Inartificialness in their execution will not be permitted to defeat them, if looking at them as a whole, either alone or in connection with the [instrument], we find that they reasonably and fairly indicate a compliance with the law. Clerical errors will not be permitted to defeat acknowledgments when they, considered either alone or in connection with the instrument acknowledged, and viewed in the light of the statute controlling them, fairly show a substantial compliance with the statute ” (Emphasis ours.)
The foregoing citation from Summer v. Mitchell, supra, is taken from House of Lyons v. Marcus, Fla.1954, 72 So.2d 34, where we upheld a questioned acknowledgment by officers of a corporation.
The acknowledgment, supported by the whole instrument, fairly shows a substantial compliance with the statute. We, therefore, reach the conclusion that the acknowledgment is sufficient within the contemplation of the law.
The judgment is hereby reversed.
HOBSON, ROBERTS and O’CON-NELL, JJ., concur.
TERRELL, THOMAS and THORNAL, JJ., dissent.