ALLEN, Acting Chief Judge.
Appellants Hamilton, mortgagors, appeal from a final decree of foreclosure in favor of the trustee in bankruptcy for the mortgagee, Bevis Shell Homes, Inc.
In September of 1960, the house in which appellants and their minor daughter were living was hit by Hurricane Donna. The house was blown from its foundation and damaged considerably. The Bevis corporation repaired the house, replaced it on its foundation, and provided funds for the satisfaction of appellants’ existing mortgage. In return, appellants, on October 3, 1960, executed a note and mortgage for $4,200 to the Bevis people. Appellants defaulted in their payments in June of 1962.
The execution of the mortgage took place at a neighbor’s house, and although two wit *65 nesses were present, only one signed. The second subscribing witness, a secretary of the Bevis representative, who was not present at the mortgage execution, signed the instrument when it was brought back to the office.
The chancellor declined to make any findings of fact or rulings of law in decreeing foreclosure. We therefore are without the benefit of his reasoning in reaching his decision.
Appellants argue on appeal that the mortgaged property was homestead property at the time the mortgage was executed, therefore the failure to have two subscribing witnesses to their signatures rendered the mortgage unenforceable. The appellee contends that appellants failed to prove sufficiently that the mortgaged property was homestead property, and therefore did not have the benefit of the defense. In the alternative, he argues an estoppel against the raising of the defense.
We feel the record, although admittedly weak, sufficiently establishes the homestead character of the property. We therefore address ourselves solely to the question concerning the defense of a defective mortgage.
It is clear that, despite whatever conceptual difficulties one might have in justifying a distinction, there are different requirements for the proper execution of a homestead mortgage and a non-homestead mortgage. A homestead mortgage, to be effective, must be properly attested by two witnesses. Perry v. Beckerman, Fla.1957, 97 So.2d 860; Hutchinson v. Stone, 1920, 79 Fla. 157, 84 So. 151; Lieberman v. Burley, Fla.App.1958, 100 So.2d 88. The lack of two subscribing witnesses operates as a complete bar to enforcement of the mortgage in the absence of an estoppel. Perry v. Beckerman, supra; Lieberman v. Burley, supra.
In the early case of Coogler v. Rogers, 1889, 25 Fla. 853, 873, 7 So. 391, 394, the essentials of equitable estoppel were stated as:
“* * * (1) Words and admissions, or conduct, acts, and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things. (2) In which the person so speaking, admitting, acting, and acquiescing did so willfully, culpably, or negligently. (3) By which such other person is or may be induced to act so as to change his own previous position injuriously. * * * ”
See 12 Fla.Jur. Estoppel and Waiver §§ 24, 30.
It can be gleaned from the above that the party seeking to invoke the doctrine must show that he has been misled by the conduct of the other party. Under our facts this would consist of a showing by appellee that the Bevis corporation was led to believe, by an act (or language) of the appellants, that it was receiving a properly executed mortgage. See e. g., New York Life Ins. Co. v. Oates, 1935, 141 Fla. 164, 192 So. 637.
The record will not sustain such a finding. On the contrary, the record reveals it was the Bevis agent who prepared the papers and supervised their execution. Moreover, it was he who had the second witness sign although she had not witnessed the execution. Thus, no misleading conduct of the appellants can be established, and any attempt to assert an estoppel must fail.
Accordingly, the order of the chancellor is reversed.
SHANNON, J., and BARKER, ROGER A., Associate Judge, concur.