McNULTY, Judge.
Appellee, Dikman, as assignee of a mortgage, sued the Harrises in this foreclosure action. Summary judgment was entered in Dikman’s favor and the Harrises appeal.
The undisputed facts are that prior to the execution of the mortgage, on March 8, 1960, the realty in question was a vacant lot, and was then, as it is now, titled solely in the name of the wife, Margaret L. Harris. The mortgage was given to a building contractor for the purpose of securing the cost of constructing a house on the aforesaid lot, and both the husband Freddie and wife Margaret signed the instrument. The signatures are ostensibly witnessed by two subscribing witnesses and the instrument is properly acknowledged for recordation, which was in fact accomplished on March 10, 1960. Thereafter, the mortgage was assigned to one Peters and wife, who, in turn, assigned it to appellee on June 2, 1960.
*530 The obligation secured by the aforesaid mortgage is in the form of a balloon note, payable at the rate of $69.00 per month for seven years, at which time the balance becomes due in full. Admittedly, appellants fully complied with the terms of the note to the extent that they kept current in their monthly payments for the required time; but upon demand for the unpaid balance at maturity of the note, they denied validity of the mortgage itself and in the court below prayed for dismissal of this ensuing action.
Appellants concede that appellee is a holder in due course of the note, and they do not argue that he had notice of any latent infirmities in the mortgage. They plead as true, however, that the wife, Margaret Harris, was the actual head of the family; that the encumbered property is therefore, coupled with other pleaded facts, a homestead within the purview of Article X, §§ 1 and 4, of the Florida Constitution; and they argue that as such, it can only be encumbered by a mortgage “duly executed.” [1] They further allege that the mortgage was not so executed in that the two subscribing “witnesses” were not in truth and in fact present at the execution thereof. Accordingly, they say, the mortgage is a nullity, and appellee should be left to his remedies at law on the note.
The trial judge resolved all issues of fact involved, i. e., on the question of homestead and as to lack of witnesses to the execution of the mortgage, in favor of the Harrises, but granted Dikman’s motion for summary judgment of foreclosure upon a finding “that an estoppel is present against the defendants, who are claiming invalidity of the mortgage lien sought to be foreclosed * * * o. jje was correct.
We think this case is controlled by the holding of our Supreme Court in New York Life Ins. Co. v. Oates.[2] In that case, as here, the plaintiff was a holder in due course of a note and mortgage given by a husband and wife on homestead property. Both husband and wife admittedly signed the mortgage instrument, but the wife failed to separately acknowledge her execution thereof, as was then required for a valid execution of a conveyance of an interest in real estate. Instead, she delivered the instrument to her husband with the implied authority to make it an effective conveyance. He did so, with the cooperation of a willing notary public, and the wife’s separate acknowledgment appeared prima fa-cie on the mortgage when assigned to the plaintiff. The wife was estopped, on those facts, from impeaching the mortgage as against the assignee without notice; and we can see no substantive difference here. In each case, husband and wife mortgagors have sought to defend against foreclosure of a mortgage in the hands of a bona fide purchaser without notice, which mortgage they themselves delivered with chargeable knowledge that it was not then executed with the formalities required by law to effectively accomplish the intent and purpose thereof. As was said in Oates, 192 So. at p. 642:
“The provisions of the constitution and statutes regulating conveyances and mortgages of homesteads and other real estate by husband and wife, * * * and the statutory requirements for the record of such conveyances and mortgages, * * * contemplate that such regulations and requirements shall in good faith be substantially complied with for the protection of the interests of all parties; * * * and the organic and statutory provisions do not intend or contemplate that the required regulations may be so utilized •as to mislead those who in good faith acquire such conveyances or mortgages. Nor do the constitution and statutes forbid the application of the princi- *531 pies of estoppel, laches, waiver, acquiescence, or other principles of law in proper cases where conveyances or mortgages are alleged to have been defectively executed or acknowledged by married women or others when adverse interests are involved.
When the prescribed execution and acknowledgment, as shown by the instrument, appear to be regular and legal on their face, and there is nothing in or on the mortgage or conveyance or the record thereof to indicate a failure to comply with any of the formal requirements as to the execution, acknowledgment or record of such instruments, other parties may assume the legality of such execution and acknowledgment in the absence of notice or knowledge of any irregularity. * * * ” [Emphasis supplied.]
and at p. 645,
“ * * * The plaintiff is the assignee for full value of the note and mortgage and is entitled to the rights the law accords to a bona fide assignee without notice of any latent defect in the apparently duly executed and acknowledged mortgage as shown by the mortgage and by the record of it. See McClure v. American Nat. Bank, 67 Fla. 32, 64 So. 427; Reasoner v. Fisikelli, 114 Fla. 102, 153 So. 98.
This decision is not an attempt to nullify or to disregard the requirements of the constitution and the statutes on the subject of the conveyance or mortgage of homestead real estate. The mortgage and the record of it as made show a complete execution and acknowledgment of the mortgage by the husband and the wife as is required by the statute. They are in law estopped by their conduct to impeach the mortgage upon the facts shown by the record.”
The instant case is clearly not within the purview of our holding in Hamilton v. Cor-coran.[3] In that case, the plaintiff was a trustee in bankruptcy of the mortgagee corporation and, as such, stood in the shoes of the mortgagee. Under the facts there, notice of infirmities in the execution of the mortgage were chargeable equally to both parties, and in particular to the mortgagee’s officers and agents at whose direction and supervision the execution of the documents took place. Consequently, estoppel was not allowed in that case for the reason that no misleading conduct of the mortgagors was bona fide relied upon by the mortgagee.
In view of the foregoing, then, the judgment appealed from must be affirmed as it pertains to the merits of the foreclosure action itself. But appellants also appeal from the award of the attorney’s fee included in the judgment. They contend that they did not have an opportunity to contest the amount of such fee found by the court to be reasonable. The award was apparently based upon an affidavit of a practicing attorney which was filed, without notice, contemporaneously with the judgment when the latter was presented to the trial judge for his signature. The record supports appellants’ contention in this regard, and to that extent, the judgment is reversed for further proceedings on the question of a reasonable attorney’s fee consistent with our holding in Siciliano v. Hunerberg.[4]
Affirmed in part; reversed in part.
HOBSON, C. J., and MANN, J., concur.

. See, e. g., Perry v. Beckerman (Fla.1957), 97 So.2d 860; McEwen v. Schenck (1933), 108 Fla. 119, 146 So. 839; Hamilton v. Corcoran (Fla.App.2d 1965), 177 So.2d 64; and Lieberman v. Burley (Fla. App.2d 1958), 100 So.2d 88.

. (1939), 141 Fla. 164, 192 So. 637.

. (Fla.App.2d 1965), 177 So.2d 64.

. (Fla.App.2d 1961), 135 So.2d 750.