NESBITT, JOSEPH, Associate Judge.
By their appeal, appellants (plaintiffs below), challenge entry of judgment granting appellees’ (defendants below) motion for summary judgment, the nature of which was to decree the validity of an amended trust agreement.
Olive Linden, as settlor, executed an inter vivos trust agreement on February 10, 1969, designating the appellants as co-trustees. The trust was revocable pursuant to Article VIII thereof which contained the following language:
“The Grantor herein expressly reserves the right, at any time and from time to time during her life by a notice in writing signed and acknowledged by her in the manner required by the State of Florida, for the recording of a Deed of real property and filed with Co-Trustees at least thirty (30) days prior to the effective date thereof, subject to the prior payment of any and all costs and expenses incurred by the Co-Trustees hereto and any and all commissions due the Co-Trustees hereof.
“A. To withdraw all or any part of the principal free and discharged of the terms and conditions of this Agreement and of the Trust hereby created; and
“B. To revoke or amend this Agreement, and to alter or terminate the trust hereby created, provided, however, that the duties, responsibilities and compensation of the Co-Trustees as herein provided shall not be altered or modified by *271 such amendment except upon written consent of the Co-Trustees.”
On July 25, 1969 the settlor executed an amended trust agreement under which the corporate trustee was redesignated as the sole trustee and by which certain of the beneficiaries’ interests were materially altered. In addition thereto and under stated conditions certain contingent eleemosynary beneficiaries were additionally designated. Simultaneously upon execution of the amended trust instrument the settlor executed a Last Will and Testament containing a “pour-over” of her residuary estate to the amended trust. At the same time the settlor gave written notice to the trustees of her intention to amend the original trust as follows:
“To: Trust Officer
Florida National Bank and Trust Company At Miami
DuPont Building
Miami, Florida
Olive Jane Jeffries
6230 S. W. 27th Street, Miami, Florida
“You are notified that my Will and Amendment to the Trust Agreement, copies of which are attached to this Notice and made a part hereof, are effective immediately without regard to service by certified mail by which you shall receive this Notice.
/s/ Olive G. Linden_
OLIVE LINDEN, Testatrix and Grantor
Witness /s/ Hilda Keene
Witness /s/ Lillian A. Landon
Sworn and Subscribed before me this day 25^ of July 1969.
/s/ Laura E. Dieffenbach
Notary Public
Notary Public, State of Florida At Large
My Commission Expires Feb. 25, 1972
Bonded Through Fred W. Diestelhorst”
After receipt of the above notice appellants continued to administer the trust because they took the position that the notice of amendment was ambiguous with respect to the effective date of the proposed amendment and was not in the form and manner prescribed under the power of revocation because it contained no acknowledgment sufficient for the recording of a deed to real property; and the trustees in writing advised the settlor of all of the foregoing. On May 24, 1970, the settlor died. Appellants then commenced a proceeding for Declaratory Judgment praying for a declaration that the original trust was valid and subsisting due to the alleged deficiencies in the notice of amendment. They also alleged that the settlor had repudiated her intention to amend the trust by her silence or acquiescence to their continued administration of the trust. By their answers the appellees, which comprise certain of the original beneficiaries as well as the contingent eleemosynary beneficiaries, pled a general denial and also affirmatively alleged that the notice of amendment was in compliance with Florida Statute 695.03, F. S.A. In the alternative the appellees al *272 leged that the retained power of revocation was properly exercised because the notice of intention to amend the trust referred to an amended trust instrument, a copy of which was furnished to the trustees, which instrument supplied an “acknowledgment” to the transaction under the doctrine of incorporation by reference. The latter contained the following notarial certificate:
“STATE OF FLORIDA )
COUNTY OF DADE ) :
ON THIS DAY personally appeared before me, the undersigned authority, OLIVE LINDEN, who being by me first duly sworn deposes and says that she is the Grantor in the foregoing Trust Agreement; that she has read the said Trust Agreement as amended and executed the same for the purposes and intentions contained therein.
SWORN TO AND SUBSCRIBED before me this 25 day of July, A. D., 1969.
s/ Laura E. Dieffebach_
Notary Public, State of Florida My Commission Expires:
With issue thus joined the appellants moved for summary judgment and attached thereto an affidavit of a corporate trust officer reciting that the settlor was advised prior to her death that the trustees would continue to administer the original trust because it had not been effectively amended by her and to which she did not re-sppnd. Appellees also moved for summary judgment, which motion was granted by the Chancellor thus determining that the amended trust instrument was valid and in full force and effect.
The Chancellor correctly determined the rights of the parties and properly entered the judgment appealed from. The affidavit in support of the alleged repudiation by the settlor of her avowed intention to amend the trust agreement was properly rejected by the Chancellor as vio-lative of the dead man’s statute, Florida Statute 90.05, F.S.A. Secondly, the passage of thirty (30) days interval after delivery of the notice of amendment to the trustees, which occurred prior to the death of the settlor, efficiently apprised the trustees as to the effective date of the amendment to the trust. Nor were the trustees’ duties, responsibilities, or compensation thereof involved by the amendment so as to require their written consent before the amendment took effect. Relying upon Macfarlane v. First National Bank of Miami, Fla.App.1967, 203 So.2d 57, the appellants vigorously contend that the notice of revocation was defective because it was not exercised in strict conformity to its terms. The statutory requirements entitling a deed of real property to recordation (which was adopted as the manner required for exercising the power of revocation) are set forth in Florida Statute 695.03, F.S.A., which in part provides:
“In order to entitle any of the instruments named in §§ 695.01 and 695.02, or any other instrument concerning real property to such record, the execution thereof must be acknowledged by the party executing the same; or the execution thereof by the said party must be proved by a subscribing witness thereto before the officers and in the form and manner following:
“(1) In this state. — If such acknowledgment or proof be made within this *273 state, it may be made before any judge, clerk or deputy clerk of any court of record, or a United States commissioner, or a notary public, or justice of the peace, or judge of a small claims court of this state, and the certificate of acknowledgment or proof shall be under the seal of the court or of the officer, as the case may be. All affidavits and acknowledgments heretofore made or taken in the manner set forth above are hereby validated.”
As will be observed the statute contains no precise form an “acknowledgment” or “proof” relating to the execution of deeds. Where there is substantial compliance with the statute, an instrument is entitled to be recorded as a liberal construction obtains in favor of sustaining the proof of execution. Jackson v. Haisley, 35 Fla. 587, 17 So. 631; Cleland v. Long, 34 Fla. 353, 16 So. 272; Platt v. Rowand, 54 Fla. 237, 45 So. 32; Investment Co. v. Trueman, 63 Fla. 184, 57 So. 663; Summer v. Mitchell, 29 Fla. 179, 10 So. 562; International Kaolin Co. v. Vause, 55 Fla. 641, 46 So. 3. As will be observed the notice of intention was in sufficient form to entitle it to recordation. Moreover the amended trust instrument, a copy of which was furnished to the trustees together with the written notice of amendment also contained a notarial certificate which entitled that instrument to recordation under Florida Statute 695.03, F.S.A. The amended trust instrument was referred to in the notice of intention to amend the original trust. It is well settled that the whole of an instrument may be resorted to support an acknowledgment. House of Lyons v. Marcus, Fla.1954, 72 So.2d 34 and Edenfield v. Wingard, Fla.1956, 89 So.2d 776.
For the foregoing reasons, the judgment appealed from is affirmed.