PER CURIAM.
The parties, former husband and wife, had been married almost ten years prior to their dissolution. They resided in property owned by the wife in her name. The husband, now 87 years old, did extensive remodeling of the property before and after the marriage. In addition the parties had joint accounts with assets of some $18,-000.00. When the parties separated, the husband withdrew $11,949.61 from two accounts. The trial judge granted the wife’s petition for dissolution, denied the husband’s counter-petition for special equity in the wife’s home due to the improvements made and divided the remaining assets in the joint accounts, totaling $6,868.47, between the parties.
The wife appeals arguing the trial court erred in failing to award her half of the monies withdrawn by the husband and appropriated to his own use prior to his leaving the wife. In Beaty v. Beaty, 177 So.2d 64 (Fla. 2nd DCA 1965), the court upheld the chancellor’s award of certain sums of money withdrawn by the wife from the parties’ joint accounts without the husband’s knowledge and consent. The appellate court rejected the wife’s claim that before she could be forced to return the sums to the husband there need be a showing of fraud, stating:
“The joint checking accounts were owned by the parties as an estate by the entire-ties and if portions thereof were removed by one of the parties for a purpose not consistent with their joint interests the chancellor could properly require a return of such portion as would do equity. The adjustment of property rights upon di *934 vorce is an equitable proceeding and is governed by equitable principles.” 177 So.2d at 57.
In the case below the learned trial judge declined to award such sums to the wife, although he stated that the husband had no special equity in the real property. We feel it would be appropriate for this cause to be remanded to the trial court for reconsideration of his holding in light of Beaty v. Beaty, supra. In so doing, however, the chancellor should review the entire circumstances of the financial positions of the parties, their respective bank accounts, as well as whether a special equity existed in favor of the husband in the home by reason of the improvements made. See Roberts v. Roberts, 101 So.2d 884 (Fla. 2nd DCA 1958); Long v. Long, 304 So.2d 483 (Fla. 1st DCA 1974).
Remanded for further proceedings not inconsistent with this opinion.
BOYER, Acting C. J., and ERVIN, J., concur.
MILLS, J., dissents.