OTT, Judge.
Appellees purchased a home from appellant and gave a note, secured by mortgage, for a portion of the balance of the purchase price. Upon default in payment of the note, appellant filed this action to foreclose the mortgage. The trial court entered judgment in favor of appellant for the amount due on the note, but refused to foreclose the mortgage because (1) it had not been attested by two subscribing witnesses and (2) appellees had not signed it before a notary public. We reverse.
Since the 1968 revision of article X, section 4, of the Florida Constitution, it is no longer required that homestead mortgages be witnessed. Wiekes Corp. v. Moxley, 342 So.2d 839 (Fla. 2d DCA 1977).
The notarization of a deed or mortgage merely entitles it to be recorded, so as to bind subsequent purchasers, encumbranc-ers, and creditors without actual notice thereof. The liability of the parties to a mortgage, inter se, is not affected by the absence of notarization or the other forms of proof of execution permitted by section 695.03, Florida Statutes.
The judgment is REVERSED with instructions to amend the judgment to order foreclosure of the mortgage for the amount due on the note. In all other respects the judgment is affirmed.
DANAHY and CAMPBELL, JJ., concur.