488 So.2d 881 (1986)
William E. HARRIS, Appellant,
v.
S. Starr WALBRIDGE, Dorothy H. Walbridge, Michael W. Brown, Appellees.
No. BH-27.
District Court of Appeal of Florida, First District.
May 14, 1986.
Rowlett W. Bryant of Bryant, Higby & Williams, Panama City, for appellant.
Patrick J. Faucheux of Urquhart, Pittman, Stone & Faucheux, P.A., Panama City, for appellee Michael W. Brown.
WIGGINTON, Judge.
This appeal is from a final summary judgment directing the clerk of the circuit court to cancel and strike from the official records the mortgage from the Walbridges to appellant, Harris.
The specific issue posed for our consideration is whether a husband and wife, who admittedly executed a note and mortgage, can collaterally attack the authenticity of the mortgage acknowledgment in the absence of fraud or duress. We hold they cannot and reverse.
The underlying drive precipitating this business transaction was the desire of the Walbridges' son to borrow $20,000 from appellant. In order to secure that loan, the *882 son was required to give appellant a promissory note for the loan amount and to secure that loan by a mortgage against lot 434 of Bay Point Unit I in Bay County, Florida owned by the Walbridges. The son explained the purpose of the note and mortgage to his mother and father. They signed a promissory note in the said amount as well as the required mortgage. The instruments were returned to Harris on December 4, 1981; however, the mortgage was not witnessed or notarized and Harris refused to accept the mortgage, but advanced $5,000 against the loan to the son with the understanding that the balance would be paid when the son returned the mortgage duly witnessed and notarized.
According to Harris, on December 8, 1981, the son returned with the mortgage duly witnessed and notarized and the loan transaction was concluded. The Walbridges both admit signing the note and mortgage in their answer and testimony. However, the mortgage given by the Walbridges to Harris was not signed in the presence of witnesses or a notary public. The son takes the position that his parents executed the note and mortgage in blank and that the instruments were returned to Harris with the signatures of his parents, and that he never saw the instruments again and had nothing to do with the witnessing and notarization of the mortgage. Notary, Jackie Cambly, in an affidavit attested that the son, whom she knew, asked her to witness and notarize the mortgage but that she refused to do so unless his father and mother acknowledged that they did sign the note and mortgage. The affidavit stated that she was furnished the telephone number of his parents and called them, and, upon their acknowledgment that they had executed the note and mortgage, she caused it to be witnessed and notarized on December 8, 1981. The mortgage was recorded in the official records of Bay County on November 8, 1982.
Thereafter, the Walbridges sold the lot to appellee Michael Brown, who had no actual knowledge of the mortgage outstanding against the property. On August 30, 1983, Harris advised the Walbridges that if he did not receive payment on the promissory note he would proceed to foreclosure. Thereafter, a foreclosure action was initiated by Harris on the note and mortgage against the Walbridges and Brown. Brown instituted an action against the Walbridges for breach of warranty pursuant to the deed of conveyance and for fraud. The trial court consolidated the two actions.
A motion for summary judgment was filed by the Walbridges based upon the absence of an execution of the mortgage in the presence of a notary thereby rendering the mortgage null and void. Following hearing on the motion, the court declared the mortgage a nullity and directed it be stricken from the public records. The trial court further concluded that the recorded mortgage did not constitute constructive notice to Brown due to it being a nullity.
Appellant argues on appeal that the pleadings in the case do not present any issue of fraud or duress imposed by him. Relying upon New York Life Insurance Company v. Oates, 141 Fla. 164, 192 So. 637 (1939) and Harris v. Dikman, 235 So.2d 529 (Fla. 2d DCA 1970), cert. denied, 238 So.2d 428 (Fla. 1970), he continues that by the Walbridges' action in signing the mortgage, they should now be estopped from arguing its invalidity where there is no evidence of fraud or duress.
Appellees respond that since the deed Brown received for the property was silent as to the mortgage, and because Brown had no actual knowledge of the mortgage, he may only be bound by it if he had constructive notice of the mortgage. However, because the mortgage was not recorded according to law, since the execution was not acknowledged by the parties as required by section 695.03 (1981),[1] appellee *883 cannot be charged with constructive notice of the mortgage.
Appellee's theory of law in this case is based upon Hutchinson v. Stone, 79 Fla. 157, 84 So. 151 (Fla. 1920). Therein, the supreme court nullified a mortgage despite the fact that the woman acknowledged her signature over the telephone. The court held that the statutory requirement of acknowledgment rendered it essential that the woman in fact be before the notary when the acknowledgment is made. Appellee contends that when the principle in Hutchinson is applied to the present case, the result is that the Harris mortgage must be declared a nullity because the notary never acquired jurisdiction, authority or power to take the acknowledgment of the Walbridges since they did not personally appear before her. Since the mortgage was therefore not entitled to be recorded, it does not serve as constructive notice to appellee.
Despite the factual similarity of Hutchinson v. Stone with the case at bar and the initial temptation to adopt its rule of law, we must note the distinction in that case and others cited by appellee, as being homestead cases which were subject to constitutional mandates requiring instruments alienating the interest of a wife in homestead property. Hutchinson involved such issues, including fraud, and the court therein held that in constitutional mandates, the notary is without jurisdiction to act except when the wife is before the notary and separately examined. The 1968 constitutional amendment deleted the wording "duly executed" in a manner required by law.
Our review of the record reveals (1) that appellant would not advance the money to the Walbridges unless they executed a promissory note secured by a mortgage; (2) that the Walbridges were advised or informed of the reason for the execution of the note and mortgage; (3) that the Walbridges signed the note and mortgage; (4) that the money was advanced on execution of such instruments; and (5) that there is the absence of any fraud or duress on the part of appellant or the notary. These factors clearly constitute estoppel so as to preclude the Walbridges from denying the validity of the mortgage. Harris v. Dikman and New York Life Insurance Company v. Oates. The cases cited by appellee are further distinguished by the following statement in Oates, wherein Hutchinson v. Stone was cited:
General statements in opinions in other cases where conveyances or mortgages of real estate executed by husband and wife were involved, necessarily have relation to the facts and issues in those cases, and not to the issue of estoppel as made and contested in this case. (Emphasis added.)
Oates at 645.
Dikman also involved facts similar to ours and the trial judge granted foreclosure upon a finding that an estoppel was present against the mortgagor who claimed invalidity of the mortgage lien because the two subscribing witnesses were not in fact present at the execution thereof. The appellate court affirmed, quoting from Oates, 192 So. at 642:
When the prescribed execution and acknowledgment, as shown by the instrument, appear to be regular and legal on their face, and there is nothing in or on the mortgage or conveyance or the record thereof to indicate a failure to comply with any of the formal requirements as to the execution, acknowledgment or record of such instruments, other parties may assume the legality of such execution and acknowledgment in the absence of notice or knowledge of any irregularity.
The Dikman court concluded that:
The mortgage and the record of it as made show a complete execution and acknowledgment of the mortgage by the husband and the wife as is required by the statute. They are in law estopped by their conduct to impeach the mortgage upon the facts shown by the record.
At 531.
A recent decision out of a sister court, Raymar Development Corporation v. *884 Barbara, 404 So.2d 813 (Fla. 2d DCA 1981), wherein the trial court refused to foreclose a mortgage because the mortgagors had not signed it before a notary public, reversed the trial court with instructions to amend the judgment to order foreclosure of the mortgage for the amount due on the note, and held:
The notarization of a deed or mortgage merely entitles it to be recorded, so as to bind subsequent purchasers, encumbrancers, and creditors without actual notice thereof. The liability of the parties to a mortgage, inter se is not affected by the absence of notarization or the other forms of proof of execution permitted by section 695.03, Florida Statutes.
We conclude that appellees may not now collaterally attack the authenticity of the mortgage acknowledgment and that the mortgage as recorded did establish constructive notice to appellee Brown.
The order of summary judgment is reversed and remanded to the lower court for further proceedings consistent herewith.
BOOTH, C.J., and SHIVERS, J., concur.
NOTES
[1] To entitle any instrument concerning real property to be recorded, the execution must be acknowledged by the parties executing it or the execution must be proved by a subscribing witness to it before the officers and in the form and manner [herein provided].