In re Linda Lee **HENRY**, a/k/a
Linda Lee Kanea, Debtor.

Linda Lee **HENRY**, a/k/a Linda
Lee Kanea, Plaintiff,

v.

**FIRST INDIANA BANK, Defendant.**

Bankruptcy No. 95–5079–BKC–3P3.
Adv. No. 95–340.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 22, 1996.

Robert G. Cochran, MacFarlane, Ferguson & McMullen, Tampa, FL, for Defendant.

Stanley C. Felton, Withlacoochee Area Legal Services, Inc., Ocala, FL, for Plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court on a complaint to determine the extent, validity or priority of defendant's lien; debtor's objection to claim 1 filed by defendant; and defendant's motion for relief from the automatic stay. After a hearing on May 13, 1996, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff and Richard N. Kanea (Kanea) were married on April 10, 1992. At the time of the marriage, the couple resided in Providence, Rhode Island.

2. On May 15, 1992, plaintiff and Kanea executed and delivered to Southtrust Bank of Central Florida (Southtrust) a mortgage secured by real property in Marion County, Florida.

3. The Southtrust mortgage was signed by both plaintiff and Kanea. The Southtrust mortgage also bears the signature and seal of a notary public. The notary acknowledgment, however, does not indicate whether the notary knew Kanea or plaintiff or requested identification from them. [Plaintiff Ex. 5].

4. The Southtrust mortgage was accompanied by a promissory note dated May 15, 1992, for the principal sum of $37,000 executed by Kanea. Plaintiff did not sign the promissory note. The Southtrust note and mortgage were originally recorded in Book 1835, page 1137 of the Public Records of Marion County, Florida.

5. Subsequent to the first recording of the Southtrust mortgage, Kanea and Southtrust modified the note and mortgage to reflect a change in the execution date from May 15, 1992 to May 18, 1992. In addition, a driver's license number and Kanea's initials were inserted in the notary acknowledgement on the mortgage. The date of the notary acknowledgement was unchanged. The Southtrust note was also modified and both documents were re-recorded in Book 1841, page 500 of the Public Records of Marion County, Florida.

6. Southtrust Bank of Central Florida assigned the mortgage and note to Federal Mortgage Association on May 18, 1992. [Plaintiff Ex. 1].

7. Plaintiff and Kanea utilized the proceeds from the Southtrust mortgage to construct a home on the Marion County property.

8. On August 24, 1993, Plaintiff and Kanea executed and delivered to First Indiana Bank (defendant) a note and mortgage in the principal amount of $25,600. The defendant's mortgage and note were also secured by the Marion County property and both documents were recorded in Book 1954, page 1782 of the Public Records of Marion County. [Plaintiff Ex. 3, 4].

9. Paragraph 7 of defendant's mortgage authorized defendant to "pay for whatever is necessary to protect the value of the Property and [defendant's] rights in the property." [Plaintiff Ex. 3]. Any expense incurred by defendant under this provision became an additional debt owed by the borrowers, plaintiff and Kanea. [Plaintiff Ex. 3].

10. Subsequent to their execution of defendant's mortgage, plaintiff and Kanea divorced. By quit claim deed dated November 10, 1995, Kanea transferred the Marion County property to Plaintiff. [Defendant Brief at 3].

11. Federal Mortgage Association instituted foreclosure proceedings against the Southtrust mortgage in the Circuit Court for Marion County, Florida. Defendant filed a counterclaim and a crossclaim in that foreclosure proceeding, seeking to protect its junior mortgage on the property. [Defendant Brief at 3, 4].

12. On April 13, 1995, defendant purchased the senior Southtrust mortgage from Federal Mortgage Association for $39,959.40. [Defendant Brief at 4].

13. On October 18, 1995, plaintiff filed for relief under Chapter 13 of the Bankruptcy Code. On November 13, 1995, defendant filed a proof of claim in the amount of $64,904.20, representing the combined total of both mortgages. Defendant amended its proof of claim on January 29, 1996 to attach supporting documents. [Proof of Claim 1].

14. On November 16, 1995, plaintiff filed this adversary proceeding, seeking a judgment that the Southtrust mortgage is invalid and unenforceable against the property and a determination of the extent, validity, or priority of defendant's lien.

15. On November 24, 1995, defendant filed a motion for relief from the automatic stay to complete a foreclosure action against plaintiff in the Circuit Court of Marion County, Florida. [File Doc. 15]. By order dated December 19, 1995, this Court awarded defendant adequate protection in the amount of $252.09 per month. [File Doc. 29].

16. On December 22, 1995, plaintiff filed an objection to defendant's proof of claim. [File Doc. 31].

17. On January 31, 1996, defendant filed a second motion for relief from stay to continue a foreclosure proceeding against the Southtrust mortgage instituted in the Circuit Court of Marion County, Florida. [File Doc. 42].

18. On February 26, 1996, plaintiff and defendant filed a joint stipulation to consolidate the trial of this adversary proceeding, the hearing on defendant motion for relief from stay, and the hearing on plaintiff's objection to defendant's proof of claim. By order dated February 27, 1996, this Court consolidated the hearings. On April 4, 1996, and May 13, 1996, the Court received evidence relevant to the three matters.

## CONCLUSIONS OF LAW

■ The primary dispute in this proceeding revolves around the following issue: whether pursuant to the mortgage agreement between plaintiff and defendant, defendant was authorized to purchase the Southtrust mortgage to protect defendant's interest in the mortgaged property.

Plaintiff argues that the Southtrust mortgage was invalid and therefore posed no threat to defendant's interest in the property. Plaintiff further argues that because defendant's interest in the property could not be harmed by the foreclosure of the invalid Southtrust mortgage, defendant's purchase of the Southtrust mortgage was unnecessary and not authorized by the mortgage agreement between plaintiff and defendant. Thus, plaintiff suggests that defendant may not hold plaintiff liable for the cost of the purchase of the Southtrust mortgage.

### A. Southtrust mortgage was supported by an existing debt

■ Plaintiff first argues that the Southtrust mortgage is invalid because it is not supported by an existing obligation. Plaintiff predicates this argument on case law which states that under Florida law, "there can be no mortgage unless there is a debt to be secured thereby or some obligation to pay money." *Nelson v. Stockton Mortgage Company,* 100 Fla. 1191, 130 So. 764, 766 (1930).

The original Southtrust mortgage was executed and notarized on May 15, 1992. Plaintiff suggests that Kanea's subsequent modification of the Southtrust mortgage and note, which changed the execution date on both documents from May 15, 1992 to May 18, 1992, created a discrepancy between the execution date of the mortgage and the date of the notary acknowledgement on the mortgage because the date of the notarization remained unchanged. Generally, when such a discrepancy occurs, plaintiff argues, the date of the notarization controls. *Moody v. Hamilton,* 22 Fla. 298 (1886).

Thus, plaintiff suggests that the date of the mortgage is May 15, 1992, while the date of the Southtrust note is May 18, 1992. Because the note is dated later than the mortgage, it could not serve as the underlying debt for the mortgage. Plaintiff argues that the Southtrust mortgage, unsupported by an underlying debt, is invalid and posed no threat to defendant's rights in the property.

■ Modifications to a mortgage do not invalidate the mortgage unless such modifications are material and fraudulent. *Peacock v. Farmers and Merchants Bank,* 454 So.2d 730, 735 (Fla. 1st DCA 1984). *See also Palomares v. Ocean Bank of Miami,* 574 So.2d 1159, 1160 (Fla. 3rd DCA 1991) (holding that the change of the date on a promissory note which did not affect the date of interest accrual was neither fraudulent nor material).

Kanea modified the execution dates of both the Southtrust mortgage and the Southtrust note from May 15, 1992 to May 18, 1992. The modifications did not alter the rights of the parties under the documents and no evidence has been produced to prove that the modifications were fraudulently motivated. Because the dates of both documents were modified to correspond with one another, it appears to the Court that the note was intended to serve as the underlying obligation of the Southtrust mortgage.

■ Although the date of the original notarization was not changed to match the modified execution date, such an error is technical in nature and should not be permitted to defeat the validity of the Southtrust mortgage. *Edenfield v. Wingard,* 89 So.2d

776 (Fla.1956). Generally, the law abhors forfeitures of agreed contracts. It is undisputed that plaintiff and Kanea executed the Southtrust mortgage to secure the Southtrust note. The modification of the note and mortgage were neither material nor fraudulent. The discrepancy between the date of the original mortgage notarization and the modification date is a technical error which does not invalidate the mortgage. Thus, the Southtrust mortgage and note bear the same execution date and the mortgage cannot be invalidated for lack of an underlying debt.

### B. Southtrust mortgage was valid and properly recorded

█ Plaintiff next argues that the Southrust mortgage is invalid and non-recordable because the notary acknowledgment on the mortgage is defective. By statute, a mortgage must be recorded to be valid. Fla.Stat. ch. 695.01 (1995). To be recorded, a mortgage must be either witnessed or notarized. Fla.Stat. ch. 695.03 (1995). Florida Statutes Ch. 695.09 provides statutory guidelines for notarization:

> No acknowledgement or proof shall be taken ... by any officer ... unless he knows, or has satisfactory proof, that the person making the acknowledgement is the individual described in, and who executed, such instrument or that the person offering to make proof is one of the subscribing witnesses to such instrument.

*Id.*

In this case, the notary acknowledgment on the original Southtrust mortgage did not indicate whether the notary knew plaintiff or Kanea, or whether the notary asked them for identification. When Kanea modified the Southtrust mortgage and note, he added his drivers license number to the notary acknowledgment. The date of the acknowledgement was not changed.

Plaintiff argues that the original Southtrust mortgage was invalid because the omission of identification information invalidated the notarization. Plaintiff further argues that the modification failed to cure the defective notarization because a notary may not amend the certificate of acknowledgement without re-acknowledgement by the parties.

*Robinson v. Bruner,* 94 Fla. 797, 114 So. 556, 559 (1927).

The Florida Supreme Court, however, although requiring re-acknowledgement in some cases, has long held that if the intention of the parties to a mortgage is clear from the document when construed as a whole, clerical and technical errors should be disregarded. *Summer v. Mitchell,* 29 Fla. 179, 10 So. 562 (1892). Other Florida courts have held that a defective notary acknowledgement does not eliminate the obligations of the parties signing a mortgage. *Raymar Development Corporation v. Barbara,* 404 So.2d 813, 814 (Fla. 2d DCA 1981) (holding that "[t]he liability of the parties to mortgage, *inter se,* is not affected by the absence of notarization or the other forms of proof of execution permitted by section 695.03, Florida Statutes."). Additionally, courts have generally held that parties who sign a mortgage in the absence of fraud or duress are estopped from denying the validity of the mortgage due to a technical defect. *Harris v. Walbridge,* 488 So.2d 881 (Fla. 1st DCA 1986).

█ In this case, the omission of party identification from the notary acknowledgment is a clerical error which does not affect the rights or obligations of the parties to the Southtrust mortgage. Plaintiff and Kanea evidenced their intentions to be bound by the mortgage by their signature and did so in the absence of duress or fraud. Plaintiff is estopped from denying the validity of the mortgage. The Southtrust mortgage, construed as a whole, is valid and was properly recorded.

### C. Plaintiff alienated her homestead interest

█ Plaintiff's final argument is that the defective notarization on the Southtrust mortgage prevented plaintiff from alienating her homestead interest in the property. The Florida Constitution provides that homestead property remains subject to contract obligations relating to the purchase or improvement of the property. Fla. Const. art. X, § 4. The Florida Constitution also provides that an owner of homestead real estate may

alienate the homestead interest by mortgage if joined by a spouse. Fla. Const. art. X, § 4(c).

In this case, plaintiff signed the mortgage with Kanea without duress or fraud. Plaintiff's signature evidences her intent to alienate her homestead interest regardless of the insufficiency of the notary acknowledgement. The mortgage proceeds were used to construct the home that is claimed as homestead and the property remains subject to the Southtrust mortgage.

### D. Conclusion

Plaintiff and Kanea signed the Southtrust mortgage in the absence of fraud or duress. By their signatures, the parties evidenced their intent to alienate their homestead interest and be bound by the terms of the mortgage. Although the notary acknowledgment was incomplete, such a technical omission does not invalidate the Southtrust mortgage.

Kanea's modifications to the mortgage were neither fraudulent nor material and the mortgage was clearly supported by the Southtrust note. The Southtrust mortgage, as rerecorded was valid and properly recorded. The foreclosure of the Southtrust mortgage posed a threat to defendant's interest in the property, and defendant was within its rights to purchase the Southtrust mortgage to preserve its rights in the property.

The Court finds that plaintiff's objection to claim 1 filed by defendant should be overruled because plaintiff is required to reimburse defendant for the purchase of the Southtrust mortgage. The Court also finds that defendant holds a valid lien against plaintiff's property in the amount of its filed claim. The Court will deny defendant's motion for relief from stay without prejudice to having the motion brought before the Court at the confirmation hearing scheduled in this case for September 24, 1996.