**DAHLIA KHODRA, Plaintiff,**
**vs.**
**MARK L. MILLIGAN, VINCENT MURRAY,**
**JOYCE EVELYN MURRAY, BANCO POPULAR de**
**PUERTO RICO, MARK MILLIGAN, P.C.,**
**DR. STEVEN E. LERNER & ASSOCIATES, EXIRA MILLIGAN,**
**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF**
**LABOR and BUREAU OF INTERNAL REVENUE, Defendants.**

Civil No. 698/1995

Territorial Court of the Virgin Islands

Division of St. Croix

November 10, 1998

168

Lee J. Rohn, Esq., ROHN & CUSICK, Christiansted, St. Croix, U.S. Virgin Islands, *Attorney for Plaintiff.*

Mark L. Milligan, Esq., Christiansted, St. Croix, U.S. Virgin Islands, *Pro Se (Defendant).*

Francis J. D'Aramo, Esq., NICHOLS, NEWMAN, SILVERLIGHT, LOGAN & D'ERAMO, P.C., Christiansted, St. Croix, U.S. Virgin Islands, *Attorney for Defendant Banco Popular de Puerto Rico.*

Hugh A. Greentree, Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, U.S. Virgin Islands, *Attorney for Defendant Government of the Virgin.*

HOLLAR, *Judge*

## MEMORANDUM OPINION

This matter is before the Court on cross-motions for summary judgment. Plaintiff Dahlia Khodra (hereinafter "Khodra") renewed her motion for summary judgment[1] and defendant Mark L. Milligan (hereinafter "Milligan") filed an opposition and cross-motion. The specific issues presented are: (1) whether the acknowledgment and attestation on defendant's mortgage are defective as a matter of law; (2) whether the mortgagor/defendant Milligan, who admittedly executed the mortgage, can attack its validity in the absence of fraud and/or duress; and (3) whether the interest charged by the mortgagee/plaintiff was usurious.

This Court holds that while the acknowledgment and attestation on the mortgage are defective, the instrument is nevertheless valid. The defects, however, render the mortgage "unrecordable" and therefore subordinated to all subsequent encumbrances, liens and mortgages recorded by third parties. Additionally, the mortgagor/defendant Milligan is estopped from attacking the foreclosure of the mortgage since no showing of fraud or duress was made and the interest rate charged was not proven to be usurious.

---

[1] Khodra originally filed a motion for summary judgment in July, 1996. The Court denied the motion without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

The mortgage transaction involved herein between plaintiff Khodra and defendant Milligan was precipitated by an award of alimony against defendant Mark Milligan in the parties' divorce. When defendant did not pay the amount reflected in the divorce decree, the parties agreed that in lieu of the issuance of a writ, defendant Milligan would make monthly installment payments on a note, secured by a mortgage on two parcels of land owned by him; to wit: Plot No. 198 of Rosegate Farm Division, Estate Work and Rest, St. Croix and Plot No. 28A King Street Folio 185, Christiansted, St. Croix.

As a result of the agreement made between the parties, defendant Milligan went to the law offices of plaintiff's counsel on March 1, 1994 to deliver a FIVE THOUSAND DOLLAR ($5,000.00) bank draft, as a payment against the alimony owed and to sign a mortgage and promissory note for the balance. The receptionist at the law office informed Milligan that counsel for plaintiff was out of the office, but another staff member, who was familiar with the case, would assist him.

The staff member met Milligan, took the $5,000.00 draft and handed him documents entitled "Second Priority Mortgage" and "Mortgage Note". The staff memmber then left Milligan alone, in the waiting area, where he privately reviewed and signed the documents. Several minutes later, the staff member returned and took the documents. Defendant Milligan left the offices. When he left, the only signature on the documents was his own.

Several days later, Milligan saw the documents again, however, the documents were different in two respects: (1) the mortgage contained the signature of a single witness; and (2) it was notarized by plaintiff's counsel. The two observations represented deviations from the norm since Milligan, at no time, presented the documents to be witnessed or notarized. Furthermore, he did not appear before plaintiff's counsel before receiving the completed documents.

By the terms of the mortgage note, Milligan promised to make payments under the note in monthly installments beginning from March 1, 1994. The note provided for foreclosure in the event of Milligan's default. Milligan made payments for over a year con-

sistent with the terms set forth in the mortgage and note, but then he stopped on May 15, 1995. In August 1995, plaintiff, through her counsel, notified defendant of his default and gave him thirty (30) days notice to bring the mortgage payments up to date, as required by the terms of the mortgage note. Still, defendant failed to bring the payments current.

Khodra then filed a complaint on August 22, 1995 seeking foreclosure on the two plots of land used as collateral to secure the note. Milligan filed an answer and counterclaim dated September 29, 1995 and later moved to dismiss for lack of jurisdiction. Khodra moved for summary judgment, pursuant to *Fed. R. Civ. P.*56(c). At a hearing on the motions on February 12, 1997, the Court denied the defendant's motion to dismiss and denied plaintiff's motion for summary judgment without prejudice. Plaintiff now renews her motion for summary judgment. Milligan opposes and also moves for cross summary judgment.

## II. APPLICABLE STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.*56(c). The basic prerequisite for the entry of summary judgment is the absence of a genuine issue of "material" fact. *Suid v. Phoenix Fire & Marine Ins. Co.*, 26 V.I. 223, 224 (D.C.V.I. 1991). The mere allegation of a factual dispute between the parties is an insufficient basis on which to deny a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non moving party. Id.

The burden of showing that no genuine issue of material fact exist rests initially on the moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038, 50 L. Ed. 2d 748, 97 S. Ct. 732 (1977); *Celotex v. Catrett*,477 U.S. 317, 322,

91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). After the moving party has met its burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Fed.R. Civ. P.* 56(e); *Anderson v. Liberty Lobby, Inc.,*477 U.S. at 249 (1986).

## III. DISCUSSION

Plaintiff Khodra argues that defendant Milligan defaulted on a note secured by real property which she holds a mortgage and which provides for foreclosure. Defendant Milligan, in his cross-motion and opposition, asserts that the acknowledgment and attestation on the mortgage were not executed with the requisite formalities under Virgin Islands law, thus, any mortgage interest so created in the property by the documents is invalid. Additionally, Milligan asserts that the mortgage note and second priority mortgage are void because they were induced by undue influence or duress. Plaintiff contends that notwithstanding any defect in the acknowledgment of the mortgage, she is entitled to summary judgment because there was substantial compliance with the requirements of the statute and literal conformity is unnecessary.

### A. The Acknowledgment Is Defective

Cases involving the adequacy of acknowledgments fall into two broad categories: (1) those involving the sufficiency of the notary's certificate, i.e., whether it facially complies with the requirements of the applicable statute; and (2) those involving the accuracy of the certificate, i.e., whether the fact or event attested to actually occurred. *Poole v. Hyatt and Day,* 344 Md. 619, 689 A.2d 82, 87 (Md. 1997). The instant case involves the latter situation, therefore the substantial compliance argument advanced by plaintiff Khodra is inapplicable.[2] The notary's certificate of acknowledgment on the mortgage in question was in proper statutory form, however, the information contained within the certification is inaccurate.

---

[2] Plaintiff's reliance on *Carteret Sav. Bank v. Pelican Beach Properties, Inc.,* 27 V.I. 285 (D.C.V.I. 1992) to support her position that this jurisdiction allows for substantial, not strict compliance, is misplaced since the action in that case was brought pursuant to V.I. Code Ann. tit. 28, § 42(b) which allows the law in the jurisdiction of the place of execution to be binding on the court. In *Carteret,* New Jersey was the state of execution of the instrument and *that* law, which provided for substantialcompliance, controlled in that case.

172

The Virgin Islands Code generally provides that interests in land may be conveyed by deed, if signed by the person from whom the interest is intended to pass, and if acknowledged or proved. The term "deed" has been construed to include mortgage interests.[3] 3 V.I. Code Ann. tit. 28, § 41 states:

> "*A conveyance of lands*, or of any estate therein *may be made by deed, signed by the person from whom the estate or interest is intended to pass*, being of lawful age, or by his lawful agent or attorney and *acknowledged or proved*, and recorded as directed in this title, without any other act or ceremony." (Emphasis Added).

The requirements for certifying the taking of an acknowledgment are set forth at V.I. Code Ann. tit. 28, § 84 states:

> "The person taking the acknowledgment *shall certify that the person acknowledging appeared before him and acknowledged he executed the instrument*; and the person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment has satisfactory evidence that the person acknowledging was the person described in and who executed the instrument." (Emphasis Provided).

As a notary public, plaintiff's counsel was authorized to acknowledge the mortgage pursuant to V.I. Code Ann. tit. 28, § 82 et seq. By acknowledging the mortgage, plaintiff's counsel certified that all the prerequisites of acknowledgment listed in Section 84 were met, specifically that: (1) Milligan appeared before her; (2) Milligan acknowledged that he executed the instrument; and (3) that she as the notary knew Milligan or had satisfactory evidence that Milligan was the person described in and who executed the instrument.

■ The parties do not dispute that the information in the certificate was false.[4] As a result, there is no question that the

---

[3] See *Carteret Saving Bank v. Pelican Beach Properties, Ltd.*, 27 V.I. 285 (D.C.V.I. 1992).

[4] Plaintiff's counsel contends, however, that she was in a nearby office and knew the defendant was in the office signing the documents.

173

acknowledgment was defective since it did not meet the requirements of Sections 84 and/or 86 of Title 28 Virgin Islands Code. While acknowledgment is not necessary where there is *another way of proving* the execution of the mortgage, neither party has made any showing that the instrument (mortgage) was in fact proven by any manner other than acknowledgment.

### B. The Attestation Is Defective

Defendant also argues that the mortgage was invalid because it was not properly attested. Section 42(a) of Title 28, Virgin Islands Code, requires instruments conveying interest in land to be executed in the presence of *two* witnesses, who shall also sign as such.

■ Here, the mortgage was not executed in the presence of *two* witnesses as mandated by V.I. Code Ann. tit. 28, § 42. In fact, the mortgage was signed in the presence of no witnesses. Milligan was alone in the waiting area when he signed. The signature of the witness, which appeared on the document, was placed *after* defendant had left the office. Moreover, counsel for plaintiff certified that Milligan appeared before her when he did not. Since Section 42 clearly was not complied with, the attestation was also defective.

### C. Despite The Defective Acknowledgment And Attestation, The Mortgage Is Valid As Between The Parties To The Instrument, In the Absence Of Fraud And/Or Duress

The next issue is whether the defective acknowledgment and attestation affect the validity of the mortgage instrument itself, in the absence of fraud and/or duress. Milligan asserts that acknowledgment and the attestation after he had signed the documents and without his knowledge constitutes an improper alteration. Milligan implies that this conduct on the part of the notary, witness and the mortgagee was fraudulent and vitiated the transfer of the mortgage.

Generally, in the absence of a specific statutory requirement, an acknowledgment is of no legal effect so far as the validity of an instrument is concerned and does not constitute a part of the instrument and does not affect its force. 1 AM. JUR. 2d *Acknowledg-*

*ment* § 67 (1994). The liability of parties to the mortgage, *inter se,*is not affected by the absence or defect of an acknowledgment or other forms of proof. *Harris v. Walbridge,* 488 So. 2d 881 (Fla. Dist. Ct. App. 1986). See also *Rogers v. Great American Fed. S&L Assn.,* 304 Ark. 143, 801 S.W.2d 36 (Ark. 1990) (holding that a defective acknowledgment does not affect the validity of a mortgage as to the parties); *Hunt v. Hunt,* 110 Idaho 649, 718 P.2d 560, 563 (Idaho Ct. App. 1985) (holding that the fact that a deed is not properly acknowledged, does not vitiate the validity of the transfer between the grantor and grantee). Also see, *In re Estate of Frutiger,* 62 Misc. 2d 163, 308 N.Y.S.2d 692 (1970).

Furthermore, where a statute does not render the instrument void if not acknowledged or defectively acknowledged, the instrument may still be operative through the doctrine of estoppel. *Kunkel v. Kunkel,* 515 S.W.2d 941 (Tex. Civ. App. 1975). In *Harris, supra.,* the court set forth several factors that constitute estoppel so as to preclude the mortgagor from denying the validity of the mortgage. Those factors were: (1) that the mortgagee would not advance money to the mortgagor(s) unless a promissory note was executed and secured by a mortgage; (2) that the mortgagor(s) knew the reason for the mortgage; (3) that the mortgagor(s) actually signed the note and the mortgage; (4) that money was advanced and the instrument was executed; and (5) that there was no fraud or duress on the part of the mortgagee or the notary.

Here, the record discloses that Milligan did sign the mortgage and the note. Milligan also made payments on the note for a year. Notwithstanding his contention that he signed under duress and that fraudulent conduct was involved, Milligan has neglected to articulate how duress or undue influence was exerted, thus causing him to sign the documents. Milligan's only evidence of fraud or any impropriety is that the acknowledgment and the attestation were made after he executed the documents and as such constituted an alteration and a forgery. Notwithstanding Milligan's assertions and characterizations that said conduct constituted an alteration and forgery, Milligan has failed to prove or articulate a

"colorable claim" that he executed the mortgage as a result of duress, fraud or undue influence.[5]

■ Separate and apart from the foregoing, Milligan is also estopped from asserting the invalidity of the instrument(s) because he received consideration, actually signed the note and mortgage and never contended that he did not. As a capable and reputable attorney, Milligan knew what was involved in signing the mortgage and should have known the significance of the documents. In fact, the mortgage was to his benefit since it afforded him the opportunity not to have the divorce decree, that included the alimony payments, enforced by a writ of execution. Payments were also made by Milligan consistent with the terms of the note for about a year without making objections. Accordingly, the Court finds the mortgage to be valid under no less than the two (2) theories discussed *infra*. III(C).

### D. Foreclosure of Mortgage Is Appropriate But Subordinated To All Subsequent Recorded Encumbrances

■ Since the mortgage is valid and defendant defaulted on the note, plaintiff is entitled to foreclosure on the property. The terms of the note provides that in the event of default, the entire amount becomes due and payable. Further, affidavits on file show that defendant did not make the payments on the fifteenth of each month as provided in the note. Defendant offers nothing to refute those contentions. The defect in the attestation and acknowledgment merely affects the recordability of the mortgage and notice to subsequent entities having interest in the property, but not the validity of the mortgage.[6] Accordingly, the plaintiff's mortgage can be foreclosed but is subordinated to all subsequent recorded

---

[5] Milligan's contention that no one was present when he signed the mortgage instrument is antithetical to his accusation that he executed the mortgage as a result of duress, fraud or undue influence. If no one was present, as is conceded, how, when and where was the fraud, duress and/or undue influence exerted on Milligan to sign the documents.

[6] As a result of the defective attestation and acknowledgment, the mortgage is deemed or rendered "unrecorded".

176

encumbrances, as a result of its unrecordability status. See V.I. Code Ann. tit. 28, § 122.[7]

## E. Defendant Has Not Shown The Interest Rate Was Usurious

In his answer, Milligan makes a final challenge to the transaction by contending that the interest charges were usurious, however, he does not offer any evidence to support this claim, particularly when plaintiff charged the legal rate of interest. Furthermore, the payments were amortized and did not show additional charges and the monthly payments of $911.68 remained the same as when the note was executed.

■ Milligan contends that more money was demanded via threat of prosecution. However, the record only discloses a letter sent by plaintiff's counsel to Milligan when he did not pay. That letter that which continued to accrue under the original note, despite non payment. Therefore, Milligan's claim that a usurious interest was charged is unsubstantiated.

## III. CONCLUSION

Although the defendant Milligan defaulted on a mortgage note, the acknowledgment and attestation on the mortgage are defective. The defects do not invalidate the mortgage since the execution of the mortgage was not a result of fraud and/or duress. However, the mortgage is deemed "unrecorded" as a result of the defects. While plaintiff is entitled to foreclose on the mortgage against Milligan's properties referred to as collateral, plaintiff's encumbrance (mortgage) shall be subordinated to *all* subsequent liens and encumbrances, recorded by third parties. Furthermore, defendant has not substantiated his claims of usurious interest or put forth a valid defense to his default on the note. For these reasons, plaintiff's motion for summary judgment is granted to the extent consistent with this opinion and defendant's cross motion for summary judgment is denied.

---

[7] If there were not consequences for defective attestations and acknowledgments, the statute requiring such would be meaningless.

Khodra's motion for summary judgment for foreclosure GRANTED. Milligan's cross-motion for summary judgment DENIED.